·(No. 63813.—

THE PEOPLE OF THE STATE OF ILLINOIS v. DO-
LORES O'DONNELL, Appellee (Jim Edgar, Secre-
tary of State, Appellant).

*Opinion filed May 22, 1987.*

GOLDENHERSH, J., took no part.

Neil F. Hartigan, Attorney General, of Springfield

(Roma Jones Stewart, Solicitor General, and Patricia Rosen, Assistant Attorney General, of Chicago, of counsel), for appellant.

No appearance for appellee.

JUSTICE RYAN delivered the opinion of the court:

The Secretary of State brings this appeal from a decision of the circuit court of Adams County. Because the court declared unconstitutional certain provisions of Illinois' drivers' license summary suspension and reinstatement procedure, the appeal lies directly to this court pursuant to our Rule 302(a). 94 Ill. 2d R. 302(a).

On January 8, 1986, the defendant, Dolores O'Donnell, was issued a ticket for driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1). Chemical tests disclosed an alcohol concentration in excess of 0.10, so her drivers' license was suspended for a period of three months, effective February 23, 1986. Ill. Rev. Stat. 1985, ch. 95½, par. 6—208.1(a)(2).

On May 8, 1986, the defendant filed a petition for restoration of her driving privileges. The statutory provision governing the restoration procedure provides in pertinent part:

"(b) Following a statutory summary suspension of the privilege to drive a motor vehicle under Section 11—501.1, the circuit court of venue shall restore full driving privileges when all appropriate fees are paid *unless the court has evidence that the person should be disqualified,* in which event the court shall notify the Secretary of State.

(c) Full driving privileges may not be restored until *all applicable reinstatement fees, as provided by this Code, have been paid to the circuit court and forwarded to the Secretary of State.*" (Emphasis added.) Ill. Rev. Stat. 1985, ch. 95½, pars. 6—208.1(b), (c).

On May 8, 1986, the circuit court entered an order in response to the defendant's petition, in which it held that sections 6—208.1(b) and (c) were unconstitutional. With respect to the former, the court found that the phrase directing the court to restore driving privileges "unless the court has evidence that the person should be disqualified" was unconstitutionally vague. Specifically, the court noted that the provision was "completely devoid of any procedure or guidelines to be followed" in making the determination whether an individual's privileges should be restored.

The court also held that the procedure established by section 6—208.1(c), whereby the circuit court is directed to collect reinstatement fees on behalf of the Secretary of State, violated the separation of powers doctrine. As a consequence, the court ordered the clerk of the circuit court not to accept any such fees.

Subsequently, the defendant filed a motion for reconsideration of the circuit court's order. Also, the Secretary of State sought leave to intervene and requested a stay of the circuit court's decision. On June 11, 1986, the court denied the motion for reconsideration, granted the Secretary leave to intervene and denied the motion to stay. As above noted, the Secretary appealed directly to this court pursuant to Rule 302(a) (94 Ill. 2d R. 302(a)). The defendant has not filed a brief in this court.

This court has previously set forth some general principles in reviewing the constitutionality of statutes. All statutes are presumed to be constitutional (*People v. Bales* (1985), 108 Ill. 2d 182, 188; *Sayles v. Thompson* (1983), 99 Ill. 2d 122, 124-25) and the party challenging a statute has the burden of clearly establishing a constitutional violation (*People v. Bales* (1985), 108 Ill. 2d 182, 188; *Polyvend, Inc. v. Puckorius* (1979), 77 Ill. 2d 287, 303). We have repeatedly emphasized that it is our duty

to construe acts of the legislature so as to affirm their constitutionality and validity, if it can reasonably be done, and further, if their construction is doubtful, the doubt will be resolved in favor of the validity of the law challenged. *People v. Bales* (1985), 108 Ill. 2d 182, 188; *Continental Illinois National Bank & Trust Co. v. Illinois State Toll Highway Com.* (1969), 42 Ill. 2d 385, 389.

Where, as here, a due process-vagueness challenge is raised and the first amendment is not involved, two requirements must be fulfilled. First, the statute must give a person of ordinary intelligence a reasonable opportunity to know what conduct is lawful or unlawful. Second, the statute must provide standards, so as to avoid arbitrary and discriminatory enforcement and application by police officers, judges and juries. *Grayned v. City of Rockford* (1972), 408 U.S. 104, 108-09, 33 L. Ed. 2d 222, 227-28, 92 S. Ct. 2294, 2298-99; *People v. Bales* (1985), 108 Ill. 2d 182, 188.

The latter of these requirements is at issue in this case. In striking down section 6—208.1(b), the circuit court noted that the language of the statute instructing the court "to restore full driving privileges *** unless the court has evidence that the person should be disqualified" was "completely devoid of any procedure or guidelines to be followed." The court also observed that section 6—208.1(b) does not enumerate the grounds for such disqualification, does not reveal what evidence may be considered and does not indicate who, if anyone, is to present such evidence.

It may be true that section 6—208.1(b), standing alone, does not provide explicit answers to these questions. That fact, however, does not necessarily create a constitutional infirmity. Such an objection ignores the fundamental principle that in construing statutes, the judicial role is to ascertain the intent of the legislature and to give it effect. (*City of Springfield v. Board of Elec-*

*tion Commissioners* (1985), 105 Ill. 2d 336, 340-41.) In seeking to determine legislative intent, a court should not read a particular provision in isolation, but rather must construe each provision in light of the statute as a whole. (*Winks v. Board of Education* (1979), 78 Ill. 2d 128, 135.) A review of section 6—208.1(b) in the context of the entire drivers' licensing law (Ill. Rev. Stat. 1985, ch. 95½, par. 6—101 *et seq.*) leads us to conclude that the challenged provision is clear enough to permit uniform enforcement and is therefore constitutional.

Section 6—208.1(b) provides that following a period of statutory summary suspension, the circuit court "shall restore full driving privileges \*\*\* unless the court has evidence that the person should be disqualified, in which event the court shall notify the Secretary of State." We note that the statute uses the term "suspension," as opposed to "revocation." "Suspension" is defined as "[t]he temporary withdrawal by formal action of the Secretary of a person's license or privilege to operate a motor vehicle on the public highways, for a period specifically designated by the Secretary." (Ill. Rev. Stat. 1985, ch. 95½, par. 1—204.) After a period of suspension, an individual's temporarily inoperative driving privilege may be reinstated. "Revocation," on the other hand, is the formal termination of a person's license, and requires the application for and procurement of a new license before one can lawfully operate a motor vehicle. (Ill. Rev. Stat. 1985, ch. 95½, par. 1—176; *People v. Suddoth* (1964), 52 Ill. App. 2d 355, 359.) We also note that section 6—208.1(b) further provides that when the suspension period has expired, the court "shall restore" driving privileges, absent evidence of grounds for disqualification. Ill. Rev. Stat. 1985, ch. 95½, par. 6—208.1(b).

Based upon the use of the terms "suspension" and the mandatory "shall," we conclude that in the typical situation reinstatement will be automatic upon applica-

tion. In our view, the procedure does not contemplate any exercise of discretion on the part of the court on whether to reinstate or any *ex parte* inquiry into an individual's fitness for reinstatement.

If "evidence that the person should be disqualified" is to come before the court, we interpret the statute to require that such evidence be presented by the State's Attorney who, by section 16—102 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 16—102), is required to prosecute violations of the Code. Also, we conclude that such representation falls within the general duties of the State's Attorney set out in section 5 of "An Act in regard to attorneys general and state's attorneys" (Ill. Rev. Stat. 1985, ch. 14, par. 5). If no evidence of grounds for disqualification is presented, the statute requires that driving privileges shall be reinstated. It appears that a procedure has been developed whereby the Secretary provides notice to the local State's Attorney regarding upcoming reinstatement applications. The State's Attorney may then appear and present any evidence he may have in opposition to the application.

If the State's Attorney presents evidence in opposition to the application for reinstatement, the inquiry then becomes, What evidence will show that "the person should be disqualified?" As the trial court noted, section 6—208.1(b), which contains this language, does not explicitly state the grounds upon which an individual "should be disqualified." This ambiguity, however, is resolved by reference to other provisions of the statute.

Sections 6—205 and 6—206 (Ill. Rev. Stat. 1985, ch. 95½, pars. 6—205, 6—206) enumerate the grounds for which the Secretary is given authority to suspend or revoke driving privileges. Thus, at the hearing on the reinstatement application, if the evidence presented shows that one of the grounds for suspension or revocation

listed in sections 6—205 or 6—206 exists, then the applicant is a person under section 6—208.1 who "should be disqualified." Only the Secretary of State has the authority to suspend a driver's license and then only for the period of time specifically designated. (Ill. Rev. Stat. 1981, ch. 95½, par. 1—204.) If the court receives evidence at the hearing that statutory grounds exist which indicate the petitioner "should be disqualified," the court must notify the Secretary so that he may exercise his statutory authority.

We note that this interpretation is consistent with a recent amendment to section 6—208.1(b). Public Act 84—1394 made a number of modifications to the drivers' license law. Among them, the phrase "evidence that the person should be disqualified" has been removed from section 6—208.1(b). That section now provides that driving privileges "shall be restored unless the person is otherwise disqualified by this Code." (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 6—208.1(b) (amended by Pub. Act 84—1394, eff. Sept. 18, 1986).) Subsequent amendments to a statute may serve as a source for determining legislative intent. (*People v. Bratcher* (1976), 63 Ill. 2d 534.) We view this modification as a clarification in language intended to more accurately convey the original legislative intent as to this section. Our interpretation of section 6—208.1(b) above is consistent with that intent as stated in the amendment.

The circuit court also struck down section 6—208.1(c) as a violation of the separation of powers doctrine. As mentioned, that provision directs that reinstatement fees are to be paid to the circuit court and forwarded to the Secretary of State. (Ill. Rev. Stat. 1985, ch. 95½, par. 6—208.1(c).) In invalidating the provision, the court observed that the statutory procedure "simply involves the Circuit court in the collection of fees on behalf of the Executive Branch, i.e., the Secretary of State. The col-

lection of fees for the issuance or re-instatement of a privilege is a purely ministerial function \*\*\* of the Executive Branch. \*\*\* The adjudication of a citizen's rights, or the exercise of those rights, is a proper matter for the Judicial Branch. \*\*\* To ignore this basic distinction is a violation of the doctrine of 'the separation of powers.' ''

We are of the opinion that in invalidating section 6—208.1(c), the circuit court took too restrictive a view of the separation of powers doctrine. We hold that the fee collection provision in section 6—208.1(c) is not a constitutional violation.

Section 1 of article II of our constitution provides:

"The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another." (Ill. Const. 1970, art. II, sec. 1.)

In prior decisions in the area of separation of powers, we have noted that the three branches are part of a single operating government; hence, the separation of powers clause has never been interpreted to require a complete divorce between them. (*Hill v. Relyea* (1966), 34 Ill. 2d 552, 557; *People v. Reiner* (1955), 6 Ill. 2d 337, 342.) Nor does the clause contemplate the division of powers into "rigidly separated compartments." (*In re Estate of Barker* (1976), 63 Ill. 2d 113, 119.) Rather, the doctrine seeks to ensure "that the whole power of two or more of the branches of government shall not be lodged in the same hands." *In re Estate of Barker* (1976), 63 Ill. 2d 113, 119; *City of Waukegan v. Pollution Control Board* (1974), 57 Ill. 2d 170, 174.

In *People v. Reiner* (1955), 6 Ill. 2d 337, a statute required that magistrates report convictions for traffic violations to the Secretary of State. The reports were required to provide the Secretary with records necessary to carry out his executive duties in connection with the revocation or suspension of licenses. As in this case, it

was contended that the imposition of such nonjudicial, ministerial duties was a separation of powers violation. This court rejected that assertion, stating:

> "No more is involved here than the duty to communicate the result of judicial action to an executive officer. That duty is non-judicial, but it can hardly be said to attain the status of a governmental power of any description. The constitution does not erect barriers between the departments so high and so rigid that communication between them is prohibited. Other statutes similarly require the transmission of information from the judiciary to the executive branch of the government. [Citations.] Article III of the Constitution [1870] does not command that the judiciary be kept aloof from the general operations of government beyond the point necessary to preserve judicial independence and to avoid the dissipation of energy which should be conserved for judicial duties. That point has not been reached in the present case, and we hold that [the challenged statute] does not violate article III of the constitution [1870]." 6 Ill. 2d 337, 344.

These cases indicate that the separation of powers doctrine does not necessarily prohibit the exercise of routine, ministerial functions by the judicial branch. In particular, *Reiner* holds that interbranch communication and cooperation is not a separation of powers violation and that the doctrine only comes into play when one branch seeks to exert a substantial "power belonging to another," or when the exercise of administrative functions reaches a point where it detracts from the performance of essential judicial activities. As in *Reiner*, that point has not been reached in the present case.

While *Reiner* involved forwarding of conviction reports from a judicial officer to the Secretary of State, and this case involves the collection and forwarding of fees, we do not perceive a constitutional difference. Both procedures essentially involve little more than interbranch communication and administrative cooperation.

528

We do not consider the collection of reinstatement fees to be an "essential power" belonging exclusively to one branch. Nor are we persuaded that the procedure will detract from the exercise of judicial functions in any significant sense. Rather, the reinstatement procedure calls for the judicial and executive branches to cooperate for the sake of administrative convenience. Such an arrangement is not prohibited by the constitution.

For the foregoing reasons, the judgment of the circuit court of Adams County is reversed.

*Judgment reversed.*

JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.