THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
FRANK L. HAGEN, Defendant-Appellant.
Fourth District   No. 4—89—0328

Opinion filed November 9, 1989.

Thomas R. Appleton, of Morse, Giganti & Appleton, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:
Defendant Frank Hagen pleaded guilty to operating a motor vehicle with obstructed, or tinted, front side windows in violation of sec-

tion 12—503(a) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 12—503(a)). The trial court denied defendant's motion to dismiss alleging that section 12—503(a) is unconstitutional in that it violates the equal protection clause of the fourteenth amendment to the United States Constitution and article I, section 2, of the Illinois Constitution of 1970. (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2.) Defendant now appeals.

On December 17, 1988, defendant was stopped and ticketed for operating a motor vehicle with tinted front side windows in violation of section 12—503(a) of the Code. (Ill. Rev. Stat., 1988 Supp., ch. 95½, par. 12—503(a).) At trial, defendant testified that he was a self-employed gunsmith and gun dealer and that he often carried guns in his car. Defendant tinted the front side windows of his car to prevent passersby from looking inside the vehicle and seeing the gun boxes. Before he tinted the windows, defendant questioned both the District 9 State Police and the Vehicle Inspection Department of the Secretary of State about the legality of tinted film. Defendant was advised that if one could read a driver's license through the tint, the vehicle was legal. Defendant stipulated to the facts alleged, was convicted of the offense, and fined $50.

Defendant argues that section 12—503(a) of the Code is unconstitutional because it violates the equal protection clauses of the United States and Illinois Constitutions. The statute, as amended in Public Act 82—122, effective January 1, 1982 (1981 Ill. Laws 858, 859), stated in pertinent part:

> "Windshields must be unobstructed and equipped with wipers. (a) No person shall drive a motor vehicle with any sign, poster, window application, reflective material or nonreflective material upon the front windshield, sidewings or side windows immediately adjacent to each side of the driver which materially obstructs, obscures or impairs the view from both within or without the vehicle. A tinted film may be used along the upper portion of the windshield if such material does not extend more than 6 inches down from the top." (Ill. Rev. Stat. 1983, ch. 95½, par. 12—503(a).)

Public Act 82—122 replaced the words "other nontransparent" (material) in section 12—503(a) (compare Ill. Rev. Stat. 1979, ch. 95½, par. 12—503(a)) with "window application, reflective material or nonreflective" (material). Also added to the act in 1982 was subsection (f) of section 12—503, which read in pertinent part:

> "Paragraphs (a) and (b) of this Section shall not apply to:
> (1) Motor vehicles manufactured prior to January 1, 1982;

\*\*\*." (Ill. Rev. Stat. 1983, ch. 95½, par. 12—503(f).)
The statute as amended in Public Act 85—1144, effective July 29, 1988 (1988 Ill. Legis. Service 1023, 1025 (West); 1988 Ill. Laws 1106, 1109), states in pertinent part:

> "Windshields must be unobstructed and equipped with wipers. (a) No person shall drive a motor vehicle with any sign, poster, window application, reflective material, nonreflective material or *tinted film* upon the front windshield, sidewings or side windows immediately adjacent to each side of the driver. A nonreflective tinted film may be used along the uppermost portion of the windshield if such material does not extend more than 6 inches down from the top of the windshield." (Emphasis added.) (Ill. Rev. Stat., 1988 Supp., ch. 95½, par. 12—503(a).)

Public Act 85—1144 replaced the words "which materially obstructs, obscures or impairs the view from both within or without the vehicle" with "or tinted film." Section 12—503, as rewritten in Public Act 82—122, also includes subsection (f), which relates the amendment back to cars manufactured on or after January 1, 1982.

The purpose of the prohibition against tinted windows is to protect the safety of law enforcement personnel who stop and approach a vehicle. Tinted windows prevent law officers from perceiving any dangers or problems inside the vehicle. Defendant accepts this as a valid State objective. However, Defendant claims that the 1988 amendment to section 12—503 cannot pass an equal protection analysis because subsection (f), limiting the statute's application to cars manufactured on or after January 1, 1982, bears no rational relationship to the objective of protecting law officers. Defendant argues that a 1978 car with tinted windows is no less dangerous than defendant's 1987 car with tinted windows. Thus, section 12—503 violates equal protection principles by treating similar conduct differently, depending upon the age of the car one is driving. We disagree.

■■ ■ Unless a classification infringes upon inherently fundamental rights, or involves suspect distinctions such as race, religion, or alienage, it will be presumed valid and need only be rationally related to a legitimate State interest. (*City of New Orleans v. Dukes* (1976), 427 U.S. 297, 49 L. Ed. 2d 511, 96 S. Ct 2513.) Under this rational basis test, the burden of rebutting the presumptive validity of the classification is on the one challenging the constitutionality of the legislation. If there can be any possible rational basis for the classification in the legislation, the statute must be upheld. (*Illinois Housing Development Authority v. Van Meter* (1980), 82 Ill. 2d 116, 122, 412 N.E.2d 151, 154.) A statute is not unconstitutional merely because it

affects one class and not another as long as members of the same class are treated equally. *In re Marriage of Galvin* (1981), 94 Ill. App. 3d 1032, 419 N.E.2d 417.

The Illinois legislature determined that cars manufactured on or after January 1, 1982, shall not have tinted film upon the front windshield, sidewings, or side windows immediately adjacent to each side of the driver. The legislature could have proscribed tinted film on the windows on all cars, but instead rationally chose to relate the amendment back to the date of the 1982 amended statute. In doing so, the legislature could have thought that a greater number of cars manufactured after 1981 were currently in use and thus posed more of a threat than the fewer number on the road manufactured prior to 1982. The legislature might have thought that tinted film on windows became popular only during the past few years so that few cars manufactured prior to 1982 had the film installed on them and as such posed less of a threat. However, the legislature probably used the 1982 date simply because the 1988 amendment was intended to clarify the intent of the legislature when it amended the statute in 1982. The legislature amended section 12—503 in 1982 to include the prohibition against any "window application, reflective material or nonreflective material" that materially obstructs a driver's view. The 1988 amendment simply clarified this prohibition by substituting the words "or tinted film" for "which materially obstructs, obscures or impairs the view from both within or without the vehicle."

■■ The United States Supreme Court has upheld the validity of "grandfather clauses" such as the one involved in the present case. In *United States R.R. Retirement Board v. Fritz* (1980), 449 U.S. 166, 66 L. Ed. 2d 368, 101 S. Ct. 453, the United States Supreme Court ruled constitutional a grandfather provision in the Railroad Retirement Act of 1974 (see 45 U.S.C.S. §231 *et seq.* (1981)) which preserved windfall benefits for some but not others. The clause had a cut-off date similar to the one involved in the present case. The Court stated that Congress need not give a reason for enacting a statute, especially when line drawing is involved. The decision as to where to draw the line is a difficult one and is best left to the wisdom of the legislature.

In the present case, the legislature decided that the year 1982 was the correct place to draw the line. When the legislature. clarified subsection (a) of the act in 1988 by inserting the words "or tinted film," it decided this clarification should relate back to the original amendment date. In doing so, the Illinois legislature could have thought that this would reasonably reach the greatest number of cars

on the road that posed a threat.

In *City of New Orleans v. Dukes* (1976), 427 U.S. 297, 49 L. Ed. 2d 511, 96 S. Ct. 2513, the Supreme Court upheld an ordinance which banned street vendors with less than eight years of continuous sales from working in a certain area. The Court found no violation of equal protection and stated that legislatures may implement programs a step at a time so as to only partially ameliorate a perceived evil at first and defer complete elimination until the future. Here, the Illinois legislature decided to ameliorate tinted windows a step at a time by attacking what it saw as the most immediate threat, cars manufactured after 1981. Whether this decision by the legislature is wise or the best course chosen is not a proper subject of judicial inquiry. We therefore hold that section 12—503 of the Illinois Vehicle Code is not violative of the equal protection clause of either the Constitution of the United States or the Illinois Constitution of 1970.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

McCULLOUGH, P.J., and KNECHT, J., concur.