THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
EMMA G. STRAWN, Defendant-Appellant.

Fourth District   No. 4—90—0667

Opinion filed March 21, 1991.

Evan A. Strawn, of Bloomington, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and Elliott Turpin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LUND delivered the opinion of the court:

On August 28, 1990, defendant Emma Strawn was found guilty by the circuit court of McLean County of committing the offense of operating a vehicle with tinted front side windows in violation of section 12—503(a) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1989, ch. 95½, par. 12—503(a)). She was subsequently placed on court supervision for six months and ordered to pay court costs. Defendant now appeals. We affirm.

On October 12, 1989, defendant was ticketed for driving an Illinois-registered 1988 Honda Prelude with tinted front windows. Prior to trial, defendant filed various motions attacking the constitutionality of the statute and arrest, and supported these motions with affidavits and attachments. These documents establish that the vehicle had been purchased in 1988 in Texas with the tinted windows, and the tinted windows are in compliance with the law in Texas. They also showed that the arresting officer stopped the vehicle and issued the instant ticket solely on the basis of the tinted windows. The court denied the motions. The parties stipulated to the officer's testimony, and the court found defendant guilty. Defendant now appeals, alleging several constitutional violations.

We begin our analysis by observing there are several well-recognized general principles applicable to any attack on the constitutionality of a statute. All statutes are presumed to be constitutional. (*People v. Bales* (1985), 108 Ill. 2d 182, 188, 483 N.E.2d 517, 519; *Sayles v. Thompson* (1983), 99 Ill. 2d 122, 124-25, 457 N.E.2d 440, 441-42.) The party challenging a statute has the burden of clearly establishing a constitutional violation. (*People v. O'Donnell* (1987), 116 Ill. 2d 517, 521, 508 N.E.2d 1066, 1068.) The supreme court has repeatedly emphasized that it is the court's duty to construe acts of the legislature so as to affirm their constitutionality and validity if it can reasonably be done, and, further, if their construction is doubtful, the doubt will be resolved in favor of the validity of the law challenged. *O'Donnell*,

116 Ill. 2d at 521-22, 508 N.E.2d at 1068; *Bales*, 108 Ill. 2d at 188, 483 N.E.2d at 520; *Continental Illinois National Bank & Trust Co. v. Illinois State Toll Highway Comm'n* (1969), 42 Ill. 2d 385, 389, 251 N.E.2d 253, 257.

The section in question, section 12—503(a), provides "No person shall drive a motor vehicle with any sign, poster, window application, reflective material, nonreflective material or tinted film upon the front windshield, sidewings or side windows immediately adjacent to each side of the driver." (Ill. Rev. Stat. 1989, ch. 95½, par. 12—503(a).) Exceptions are provided for vehicles manufactured prior to 1982 and for vehicles registered in another jurisdiction. (Ill. Rev. Stat. 1989, ch. 95½, par. 12—503(f).) There is a final medical exemption, but the need for tinted windows must be supported by a physician's certificate, which must be carried at all times in the vehicle. Ill. Rev. Stat. 1989, ch. 95½, par. 12—503(g).

Defendant's first position is that the statute is unconstitutional because, by allowing a primary stop in these circumstances, it violates the constitutional proscription against unreasonable seizures. By "primary stop," she seems to mean a stop for the actual violation. This is opposed to a "secondary arrest," which she would define as an arrest for conduct once a car is stopped for another reason. Thus, it is her position the statute is unconstitutional because it allows the stop for tinted windows alone. She believes violations of this section should only be addressed with a secondary arrest once a car is lawfully stopped for another legitimate reason.

Defendant observes that even a brief stop of a car to check its safety devices falls within the ambit of the fourth amendment's protection against unreasonable seizures. (See *People v. Estrada* (1979), 68 Ill. App. 3d 272, 275, 386 N.E.2d 128, 130.) Further, she observes the reasonableness of search and seizure depends upon a balance between the public's interest and the individual's right to freedom from arbitrary interference by law officers. (*Estrada*, 68 Ill. App. 3d at 275, 386 N.E.2d at 131.) She acknowledges that Illinois courts have repeatedly held stops for safety violations such as defective mufflers, brake lights, or headlights constitutional. (See *People v. Houlihan* (1988), 167 Ill. App. 3d 638, 643, 521 N.E.2d 277, 281.) However, she argues these stops are valid only because the interest of public safety outweighs the intrusion.

She maintains this balance is not present in this situation. She observes that "[t]he purpose of the prohibition against tinted windows is to protect the safety of law enforcement personnel who stop and approach a vehicle." (*People v. Hagen* (1989), 191 Ill. App. 3d 265, 267,

547 N.E.2d 577, 579.) Thus, the concern for public safety is not involved, and she maintains the balancing then weighs against the stop of an individual. Accordingly, she maintains it is unconstitutional for this statute to allow a primary stop for this violation. Rather, she insists enforcement of the statute should be limited to secondary arrests which would occur after lawful stop for another reason.

■ Defendant's argument is based on a faulty premise and therefore must fail. It is predicated on the perceived constitutional distinction between a "primary stop" and a "secondary arrest." However, in Illinois, there is no such distinction. In *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1968, the Supreme Court found a limited investigatory stop by law enforcement officers is constitutional. The *Terry* rule has now been codified in Illinois in section 107—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 107—14), and provides that a police officer may stop a person for a reasonable period of time when the officer reasonably infers from the circumstances that the person is committing or has committed a criminal offense. Therefore, a stop is always justified when the officer has a reasonable suspicion that *any* criminal conduct has occurred or is occurring. There is no limitation on this authority based on the type of violation involved. Accordingly, traffic violations involving the condition of a vehicle have provided a sufficient basis for a *Terry* stop. See *Houlihan*, 167 Ill. App. 3d at 643, 521 N.E.2d at 281.

■ In the present case, the legislature has determined that vehicles with tinted front windows should be illegal. The legislature could have provided that this provision only be enforced as a "secondary" matter (see, *e.g.*, Ill. Rev. Stat. 1989, ch. 95½, par. 12—603.1(e)), but it chose not to do so. This is a legislative decision and is not of a constitutional dimension. As long as the officer has reasonable grounds to believe a violation is occurring, which this officer did, a stop is constitutionally permissible. Accordingly, we find no such asserted constitutional violation.

A second and related argument by defendant is that the statute and a stop for tinted windows alone violates her constitutional right to privacy. She observes that in *People v. Bartley* (1985), 109 Ill. 2d 273, 280, 486 N.E.2d 880, 883, the court stated that "[t]he degree of intrusion on the individual's privacy must be balanced against the strength of the public need for the intrusion." She then relies on analysis in *Bartley* discussing the objective and subjective aspects of an intrusion, and concludes a stop pursuant to section 12—503 is impermissible. However, *Bartley* is inapplicable to the present situation because it involved the question of roadblock stops, where cars were

stopped without regard to any perceptible criminal conduct. However, the present case involves a clearly apparent violation of the Code. Thus, it is a proper *Terry* stop, and any analysis under *Bartley* is misplaced.

■ Defendant's real complaint is that the public's interest in tinted windows is limited because they do not pose a public-safety hazard and they have, in fact, been recognized as beneficial by one court. (See *People v. Niebauer* (1989), 214 Cal. App. 3d 1278, 1285-86, 263 Cal. Rptr. 287, 291.) Thus, she maintains that she did not reasonably expect she would be stopped and arrested for having tinted windows, and that any intrusion therefore violates her privacy rights. Defendant wishes to attack the propriety of the policy behind the proscription, asserting that it is not a good law and that the common citizen would not realize this conduct is improper. However, the determination of what conduct is permissible and what is to be proscribed is in the hands of the legislature, which was institutionally more aware than the courts of the evils confronting our society. (See *People v. Steppan* (1985), 105 Ill. 2d 310, 319, 473 N.E.2d 1300, 1305.) It is to the legislature that defendant should make this argument. Our consideration is whether a stop for violation of this section is constitutionally permissible. We conclude it is.

Defendant next contends the statute is unconstitutional as an impermissible burden on interstate commerce. She observes she purchased the car in Texas, where it is legal, and now travels extensively between Texas and Illinois. The statute results in her not being able to freely return to Illinois on these trips without risking arrest.

■ It is well settled that not every exercise of State power with some impact on interstate commerce is invalid. (*Edgar v. MITE Corp.* (1982), 457 U.S. 624, 640, 73 L. Ed. 2d 269, 282, 102 S. Ct. 2629, 2639.) A State statute must be upheld if it even-handedly regulates to effectuate a legitimate local public interest, and its effect on interstate commerce is only incidental unless the burden on interstate commerce is clearly excessive in relation to the local benefits. (*Edgar*, 457 U.S. at 640, 73 L. Ed. 2d at 282, 102 S. Ct. at 2639.) An application of this three-step analysis to the present case establishes no constitutional violation.

First, this court has already had an opportunity to comment on the legitimate State interest this legislation serves. In *Hagen*, we observed the purpose is to protect police officers as they approach stopped vehicles. (*Hagen*, 191 Ill. App. 3d at 267, 547 N.E.2d at 579.) It also serves the salutary purposes of allowing police officers to more easily identify drivers of vehicles, and allowing drivers to observe oth-

ers to ascertain whether they are driving attentively. Thus, it is clear the statute is designed to serve a legitimate public interest.

It is also apparent that any impact on interstate commerce is incidental. The statute contains an exception for vehicles registered in other jurisdictions. (Ill. Rev. Stat. 1989, ch. 95½, par. 12—503(f)(2).) Therefore, people from other States can travel into or through Illinois without any impediment due to the presence of tinted windows being placed in their way. The people most likely to be impacted are those buying vehicles in other jurisdictions and registering them in Illinois, and those moving to the State from another jurisdiction. In either case, the impact upon them is only incidental to the legitimate purpose.

■ Finally, it is equally apparent that any incidental impact does not place a clearly excessive burden on interstate commerce. As noted, out-of-State registrants are not impacted at all. The impact of the present statute will basically be upon people such as defendant, who purchased a vehicle in another jurisdiction with different standards. While this may have a very marginal impact on interstate commerce, we conclude it is not a "clearly excessive burden" which outweighs the legitimate State interest.

■ Defendant also argues that this statute violates the privileges and immunities provision of the Constitution. However, "[t]he privileges and immunities clause is intended to prevent unreasonable discrimination by a State against citizens of other States." (*Rios v. Jones* (1976), 63 Ill. 2d 488, 498, 348 N.E.2d 825, 830.) Since the record establishes that defendant, while she has ties to Texas, is a resident of Illinois, the privileges and immunities clause is inapplicable to the present case. See *Rios*, 63 Ill. 2d at 498, 348 N.E.2d at 830.

■ Defendant next contends the statute violates her due-process rights. The demands of due process are met by balancing the interest being protected against the countervailing interests of society. (*Rios*, 63 Ill. 2d at 497, 348 N.E.2d at 829.) If, after this balancing, the State's exercise of its police power is deemed to be reasonable, the legislation must be upheld. (*Rios*, 63 Ill. 2d at 497, 348 N.E.2d at 829.) The standard of a proper exercise of police power is whether the statute is reasonably designed to remedy the evils which the legislature has determined to be a threat to the public health, safety, and general welfare. *Heimgaertner v. Benjamin Electric Manufacturing Co.* (1955), 6 Ill. 2d 152, 159, 128 N.E.2d 691, 695.

■ Defendant maintains again that, though there is legitimate State purpose, there is no rational basis for allowing a primary stop to be made for this violation alone. As discussed above, there are sev-

eral legitimate State interests involved with the statute. This means of enforcement is reasonably designed to effectuate these interests. There is no due-process violation.

Defendant further argues that an equal-protection violation exists. She primarily argues that this statute draws an impermissible distinction between Illinois-registered vehicles with tinted windows, which are in violation, and out-of-State vehicles with tinted windows, which are not.

The equal-protection clause does not deny States the power to treat different classes of persons in different ways. (*People v. Bradley* (1980), 79 Ill. 2d 410, 416, 403 N.E.2d 1029, 1031.) Nor does it proscribe legislative classifications that are reasonably calculated to promote the public health, safety, welfare, or morals. *Rios*, 63 Ill. 2d at 498-99, 348 N.E.2d at 830.

> "Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective." *McGowan v. Maryland* (1961), 366 U.S. 420, 425, 6 L. Ed. 2d 393, 399, 81 S. Ct. 1101, 1105.

Here, the State's legitimate objective, to protect the police and the public, is well established. It is apparent that any law which would prohibit vehicles registered in other jurisdictions from having tinted windows may run afoul of the interstate-commerce provisions of the Constitution. Accordingly, the legislature has chosen to avoid that possibility by limiting the law's application to Illinois vehicles. This decision is a reasonable one. The equal-protection provision invalidates only those enactments that are arbitrary, unreasonable, and unrelated to the public purpose sought to be attained. (*Rios*, 63 Ill. 2d at 498, 348 N.E.2d at 830.) We find no such difficulties with the current provision.

Defendant also wishes to raise arguments concerning the officer's conduct at the time of the stop, asserting that he embarrassed her in front of her family. However, any such complaint is properly directed to his superior and has no bearing on the current analysis of this court.

Affirmed.

SPITZ and STEIGMANN, JJ., concur.