**FOURTH AMENDMENT – ARREST, STOP, OR INQUIRY – GROUNDS**

A reasonable articulable suspicion that a vehicle's windows are tinted darker than 35%, the standard established by Md. Code, Transportation Article, § 22-406(i)(1)(i) for Maryland vehicles, is sufficient grounds to stop the vehicle for further investigation. That the vehicle may be registered in a foreign jurisdiction does not vitiate the lawfulness of the stop.

Circuit Court for Prince George's County
Case No. CT161114X

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 351

September Term, 2017

_____

RONALD BAEZ

v.

STATE OF MARYLAND

_____

Eyler, Deborah S.,
Shaw Geter,
Raker, Irma S.
  (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Raker, J.

_____

Filed:  August 31, 2018

Pursuant to Maryland Uniform Electronic Legal Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Bessie Decker, Clerk
April 20, 2018

Ronald Baez, appellant, was convicted in the Circuit Court for Prince George's County of possession of marijuana. He appeals from the denial of his motion to suppress the evidence and he presents one question for our review, which we have rephrased:

> Did the police have reasonable articulable suspicion to stop appellant's vehicle solely for a window-tint violation?

We shall answer that question in the affirmative and affirm the judgment of conviction.

## I.

Appellant was indicted by the Grand Jury for Prince George's County with five offenses: possession of marijuana with intent to distribute, possession of marijuana, possession of methylenedioxymethamphetamine (MDMA), and two counts of possession of drug paraphernalia. On the day of trial, counsel informed the court that the parties had reached an agreement, and they would proceed on the charge of possession of marijuana only, with a not guilty plea and an agreed-upon statement of facts. Appellant would litigate his motion to suppress the evidence based upon the lack of probable cause or reasonable grounds for the officer to stop his vehicle, and if the court denied the motion, defense counsel told the court the following:

> "If the motion is successful, then obviously the case is over. If it is not successful, if Your Honor finds that a stop was valid, then the parties have an agreed-upon plea as well as a sentencing agreement that we would run by Your Honor."

The trial court heard an agreed-upon statement of facts supporting appellant's motion to suppress and denied the motion, found appellant guilty beyond a reasonable

doubt, and sentenced appellant to a term of incarceration of one year, all but one day suspended, credit for time served, and eighteen months unsupervised probation.

The parties presented the following agreed-upon statement of facts for the court's decision on the motion to suppress, stating as follows:

> "[THE STATE]: So [appellant] was pulled over pursuant to a traffic stop for a tint violation.  There's no dispute that it was violating the Maryland tint law; however, the vehicle was registered in Virginia.
>     So [appellant] is arguing that the tint law violation does not apply and, therefore, the basis—there's not sufficient basis for the stop.  The State would argue that the vehicle was being driven in Maryland and needed to comply with Maryland law.
>
> [DEFENSE COUNSEL]: That's correct, Your Honor.  We stipulate that there was a stop in Prince George's County, the basis of which was as stated in the charging document, for a window tint exceeding Maryland state minimum.  And the parties also stipulate that the vehicle was registered and tagged through the Commonwealth of Virginia.  And those are the agreed-upon facts."

Following this statement to the court, the parties argued their legal theories to the court, and as indicated, the court denied the motion to suppress.  The court reasoned as follows:

> "I looked at the case and I looked at the law again and I think that when an officer suspects a violation, I think that he is justified in conducting a stop.  What he does beyond that, he has a lot of discretion as to whether he issues a citation or how he handles the stop, but I think under the case of *Turkes [v.] Maryland*, it's clear that a tint violation can provide the reasonable articulable suspicion to justify a stop.  I don't think it matters.
>     Certainly this case didn't deal with it, but the issue is that counsel says it only applies if it's a Maryland vehicle.  But I feel that when one comes into Maryland, they have to avail themselves of the laws and that the officer was justified in

2

conducting the stop, which is all that he did at this point after observing the tint violation. So I'm going to deny your motion to suppress."

Following the court's denial of appellant's motion to suppress, the parties presented to the court an agreed statement of fact in lieu of witness testimony.[1] The stated facts were as follows:

> ". . . [O]n May 29th, 2016, at approximately 2300 hours, officers were on patrol when they saw a black Dodge Charger with window tinting exceeding the Maryland state minimum pass through the intersection of Hybrid Avenue and Marlboro Pike. Officers then initiated a traffic stop and came into contact with the driver of the vehicle who later became known to them as [appellant], who is seated to the left of counsel.
>
> As the officer was speaking with the occupants of the vehicle, they could smell an odor of marijuana emanating from inside the vehicle. The officer asked [appellant] if there was any marijuana in the vehicle and [appellant] said there was a legal amount of about eight grams in the center console.
>
> A search of the vehicle was subsequently conducted and the officers found, among other things, a black duffle bag containing approximately 747 grams of marijuana. It was subsequently tested by the Prince George's County Drug Lab and did test positive for marijuana. [Appellant] also had $1,745 on him. All events occurred in Prince George's County, Maryland."

The court imposed the agreed-upon sentence, and this timely appeal followed.

---

[1] The record does not reflect that appellant waived any of his constitutional rights, such as a right to a jury trial or confrontation, but appellant does not raise that issue. It is clear that the parties intended to waive formal proof and proceed on the agreed statement of fact before the court and not to a jury.

## II.

Before this Court, appellant's argument is very simple and straightforward—the police do not have the right, be it reasonable suspicion or probable cause, to stop a vehicle based solely on the window tint unless that vehicle is registered in Maryland under Md. Code, Transportation Article, §§ 13-902, 13-913, 13-917, or 13-937.[2] Appellant does not contest that the vehicle tinting on his vehicle exceeded the legal limits set out in § 22-406, nor does he contest that he was operating on a Maryland highway. He argues solely that because his vehicle was registered in Virginia and not in Maryland, his vehicle was in compliance with § 22-406.

The State maintains that the police had reasonable articulable suspicion to stop appellant's vehicle based on a window tint violation of either § 22-406 or § 22-101(a)(1), which prohibits the operation of any vehicle in an unsafe condition. In the State's view, it matters not that the vehicle was in fact registered in Virginia, or for that matter any other state, because that fact does not impact the officer's reasonable basis to stop the vehicle. Here, the State urges that reasonable suspicion exists for a traffic stop because the windows on appellant's vehicle were darkly tinted as defined by § 22-406, which the police officer believed to be in violation of Maryland law.

---

[2] All subsequent statutory references herein shall refer to Md. Code, Transportation Article.

4

III.

In reviewing a trial court's ruling on a motion to suppress, we give deference to the hearing judge's factual findings and review those for clear error; we review legal conclusions *de novo* in the light most favorable to the prevailing party, in this case, the State. *Turkes v. State*, 199 Md. App. 96, 113, 20 A.3d 173, 182 (2011). We conduct this review ordinarily based upon the record created at the suppression hearing, in this case, upon the record made on the agreed statement of facts and the hearing before the judge. Appellant asserts that the hearing judge should have suppressed the marijuana seized by the police because the traffic stop supporting the search was unreasonable under the Fourth Amendment.

The issue we must address in this case is whether the Maryland law enforcement officer had reasonable suspicion to stop appellant's vehicle. We consider the validity of an automobile stop based solely on an officer's belief that the vehicle's windows were illegally tinted in violation of § 22-406. The Fourth Amendment of the United States Constitution protects citizens "against unreasonable searches and seizures." U.S. CONST. amend. IV. Reasonableness is the touchstone of the Fourth Amendment. *See, e.g., Whren v. United States*, 517 U.S. 806, 810, 116 S. Ct. 1769, 1772 (1996); *Byndloss v. State*, 391 Md. 462, 480, 893 A.2d 1119, 1130 (2006).[3] A police officer may stop a motor vehicle

---

[3] There is no suggestion in this case that the stop in question was a pretextual *Whren* stop. There is no argument before us, or below, that the constitutional standard for the stop should be probable cause rather than reasonable suspicion. Although the question presented herein is whether the police may stop a vehicle solely on the basis of tinted windows (and does not limit the issue to the amount of tint), the record in this case reflects that the officer also stopped appellant for speeding.

where there is a reasonable or articulable suspicion that a motor vehicle violation has occurred. *United States v. Callarman*, 272 F.3d 1284, 1287 (10th Cir. 2001) (noting that "[t]raffic stops may properly be based on reasonable articulable suspicion rather than probable cause"); *see, e.g.*, *United States v. Brignoni-Ponce*, 422 U.S. 873, 881, 95 S. Ct. 2574, 2580 (1975); *Carroll v. United States*, 267 U.S. 132, 161, 45 S. Ct. 280, 288 (1925); *State v. Williams*, 401 Md. 676, 690–91, 934 A.2d 38, 46–47 (2007).

In Maryland, a vehicle may have some degree of tinting lawfully on its windows, but the degree of the tinting is regulated by § 22-406(i)(1). That statute provides, in pertinent part, as follows:

> "(i)(1) Except as provided in paragraph (4) of this subsection, a person may not operate a vehicle under § 13-912, § 13-913, § 13-917, or § 13-937 of this article on a highway in this State if:
>> (i) In the case of a vehicle registered under § 13-912 of this article, there is affixed to any window of the vehicle any tinting materials added to the window after manufacture of the vehicle that do not allow a light transmittance through the window of at least 35%; and
>> (ii) In the case of a vehicle registered under § 13-913, § 13-917, or § 13-937 of this article, there is affixed to any window to the immediate right or left of the driver any window tinting materials added after manufacture of the vehicle that do not allow a light transmittance through the window of at least 35%."

Section 22-101(a)(1)(i), the general unsafe condition provision, provides, in pertinent part, as follows:

> "(a)(1) A person may not drive and the owner may not cause or knowingly permit to be driven on any highway any vehicle or combination of vehicles that:
>> (i) Is in such unsafe condition as to endanger any person; . . ."

6

In 1995, the Maryland General Assembly enacted legislation to regulate on Maryland highways the operation of motor vehicles with tinted windows. *Williams*, 401 Md. at 684, 934 A.2d at 43. From the legislative history of the statute, we glean that the primary, underlying purpose of the statute was that because excessively tinted windows prevent officers from perceiving dangers or problems inside the vehicle, the legislation was necessary to protect the safety of law enforcement officers who stop and approach a vehicle. *See* Statement from the Prince George's Cty. Police in Support of SB 276 "Post Manufactured Window Tinting," The Prince George's Cty. Gov't (Mar. 9, 1995) (on file with Maryland State Law Library); *see also* Letter from Joseph A. Schwartz, III, and Geraldine Valentino, Solar Energy Group to Senate Judicial Proceedings Committee (Mar. 7, 1995) (on file with Maryland State Law Library) (acknowledging that the legislation's purpose is "to provide a strict level of protection for law enforcement officers"). In the oft-quoted opinion of Judge J. Michael Luttig, in *United States v. Stanfield*, 109 F.3d 976, 981–82 (4th Cir. 1997), the court noted as follows:

> "When, during already dangerous traffic stops, officers must approach vehicles whose occupants and interiors are blocked from view by tinted windows, the potential harm to which the officers are exposed increases exponentially, to the point, we believe, of unconscionability. *Indeed, we can conceive of almost nothing more dangerous to a law enforcement officer in the context of a traffic stop than approaching an automobile whose passenger compartment is entirely hidden from the officer's view by darkly tinted windows.* As the officer exits his cruiser and proceeds toward the tinted-windowed vehicle, he has no way of knowing whether the vehicle's driver is fumbling for his driver's license or reaching for a gun; he does not know whether he is about to encounter a single law-abiding citizen or to be ambushed by a car-full of armed assailants. He literally does not even know whether a weapon has been

7

trained on him from the moment the stop was initiated. As one officer put the obvious: 'If the suspect has a weapon, I might not see it until he rolls down the window. He may just shoot me through the window.' If, as the Court has noted, officers face an 'inordinate risk' every time they approach even a vehicle whose interior and passengers are fully visible to the officers, *[Pennsylvania v.] Mimms*, 434 U.S. at 110, 98 S.Ct. at 333, the risk these officers face when they approach a vehicle with heavily tinted windows is, quite simply, intolerable. In fact, it is out of recognition of just such danger that at least twenty-eight states, including Maryland, have now enacted laws either regulating or altogether prohibiting the use of tinted windows on vehicles in their states."

(Emphasis in original).

Presumably, in order to avoid any conflict with the inter-state commerce provisions of the United States Constitution, the Legislature elected to avoid that possibility by limiting the application of the law to vehicles registered only in Maryland under §§ 13-902, 13-913, 13-917, and 13-937. Many other states have done the same. *See, e.g.*, *People v. Strawn*, 210 Ill.App.3d 783, 790, 569 N.E.2d 269, 275 (Ill. App. Ct. 1991) (noting that Illinois tinted windows law applies only to Illinois registered vehicles to avoid running afoul of interstate-commerce provisions of U.S. Constitution).

The District of Columbia enacted a statute to regulate the operation of vehicles with tinted windows in the District. *Tucker v. United States*, 708 A.2d 645, 646 (D.C. 1998). Aside from recognizing the danger to police officers from tinted windows, the Court of Appeals for the District of Columbia in *Tucker* noted excessively tinted windows constitute a safety violation to the general public because "[a]ccording to the Metropolitan Police Department, deeply tinted windows impair a driver's vision and contribute to accidents of all kinds." *Id.* at 648.

8

We hold that the hearing court did not err or abuse its discretion in denying the motion to suppress. The stop by the officer was reasonable under the totality of the circumstances. The officer had a right to make an investigatory stop based on the tinted windows of appellant's vehicle. That the vehicle was registered in Virginia did not preclude the police officer from stopping appellant's vehicle to investigate further and to ascertain where the vehicle was registered.

The State points out that the agreed-upon statement of facts does not specify when the officer learned that appellant's vehicle was registered in Virginia. Irrelevant, the State says, because under either scenario, i.e., that he knew when he stopped the car or that he learned it afterwards, the stop was lawful.

Law enforcement needs only reasonable suspicion, not probable cause, to stop a vehicle on the highway to investigate further. In *Turkes*, we held that a police officer may stop a vehicle when the officer can articulate, based on personal knowledge, a reasonable suspicion that a vehicle's window tinting violates § 22-406. *Turkes*, 199 Md. App. at 116, 20 A.3d at 184.

In *Muse v. State*, 146 Md. App. 395, 807 A.2d 113 (2002), we considered the lawfulness of a stop based upon the officer's suspicion of a cracked windshield. We explained as follows:

> "We emphasize that the officer was not required to establish to his satisfaction, prior to the stop, that the windshield called into question the safety of the vehicle. Contrary to appellant's assertion that the State has 'failed to prove' that his windshield was in violation of Section 22-101 or of any other applicable equipment provision either in the Code or COMAR, we likewise hasten to note that the State has no such burden of

9

> proving a violation to justify an officer's action at the *initial investigatory stage*. As we stated in *Carter v. State*, 143 Md. App. 670, 795 A.2d 790 (2002), '[t]he fundamental purpose of a *Terry*-stop, based as it is on reasonable suspicion, *is to confirm or to dispel* that suspicion by asking for an explanation of the suspicious behavior.'"

*Id.* at 406, 807 A.2d at 119 (emphasis in original).

The State posits § 22-101(a)(1)(i) as an alternative basis to justify the stop. Because we find the stop lawful under § 22-406, we do not address whether the officer could stop the vehicle under the safety provision of § 22-101(a)(1)(i).

We are satisfied that the officer's stop of appellant's automobile to investigate the window tinting based upon his belief that the tinting was in excess of the permissible tint in Maryland, and his request for appellant's driver's license and automobile registration as part of the limited traffic stop, were reasonable. The trial court did not err in denying appellant's motion to suppress.

The purpose of a stop based upon reasonable suspicion "is to confirm or to dispel that suspicion by asking for an explanation of the suspicious behavior." *Muse*, 146 Md. App. at 406, 807 A.2d at 119. A police officer, suspecting a tint window violation, may lawfully stop a vehicle to investigate further and ask to see the vehicle registration to determine origin of registration. That the vehicle may be registered in a foreign jurisdiction does not vitiate the lawfulness of the stop.

**JUDGMENTS OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**

10