**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-4422**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

MICHAEL BRANDON,

        Defendant – Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen Lipton Hollander, Senior District Judge. (1:22-cr-00239-ELH-1)

---

Argued:  December 11, 2025                    Decided:  February 20, 2026

---

Before WILKINSON, AGEE, and THACKER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:**  Cullen Oakes Macbeth, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant.  David Christian Bornstein, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee. **ON BRIEF:** James Wyda, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, for Appellant. Erek L. Barron, United States Attorney, Brandon K. Moore, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Brandon appeals his conviction, entered pursuant to a conditional guilty plea, for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). On appeal, Brandon challenges the district court's denial of his motion to suppress the evidence seized from his vehicle following an investigative stop. For the following reasons, we affirm.

While on patrol, Detective Kaivon Stewart of the Baltimore City Police Department identified a vehicle, which Brandon was driving, that he believed violated Maryland's window tint statute, Md. Code Ann., Transp. § 22-406(i). Stewart pulled behind the vehicle, recognized that it bore a Pennsylvania dealer's plate, and initiated a traffic stop. After a series of events, including a physical struggle, Brandon attempted to avoid arrest by briefly dragging Stewart with his vehicle until it wrecked into a nearby pole. At that point, Stewart, with the assistance of responding officers, restrained Brandon and seized a firearm with an extended magazine from Brandon's waistband, along with various drugs from inside the vehicle.

Brandon moved to suppress the evidence, arguing that, under this Court's decision in *United States v. Johnson*, 256 F.3d 214 (4th Cir. 2001), Stewart did not have reasonable suspicion to initiate the traffic stop. The district court denied the motion, concluding that Stewart had reasonable suspicion and, even if he did not: (1) the good-faith exception for relying on "binding appellate precedent" applied given the Maryland Court of Special Appeals decision in *Baez v. Maryland*, 192 A.3d 945 (Md. Ct. Spec. App. 2018); and (2) Brandon's subsequent illegal conduct—the physical struggle and flight—vitiated any taint.

*United States v. Brandon*, No. ELH-22-0239, 2023 WL 6961937, at *21–25, *31–33 (D. Md. Oct. 19, 2023). Brandon then entered a conditional guilty plea, expressly reserving his right to appeal the district court's denial of his motion to suppress and he now appeals. Even assuming Stewart lacked reasonable suspicion, we conclude that the good-faith exception to the exclusionary rule applies and therefore affirm the district court's decision.

"When, as here, a district court denies a motion to suppress, we review the court's legal conclusions de novo and its factual findings for clear error, considering the evidence in the light most favorable to the government." *United States v. Turner*, 122 F.4th 511, 516 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 1894 (2025) (cleaned up).

The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. In order "to safeguard against future violations of Fourth Amendment rights through the rule's general deterrent effect," *Arizona v. Evans*, 514 U.S. 1, 10 (1995), the exclusionary rule prevents the government from using illegally obtained evidence against the victim of an illegal search, *see Davis v. United States*, 564 U.S. 229, 231–32 (2011). However, "exclusion of evidence has 'always been [the] last resort, not [the] first impulse,'" *United States v. Stephens*, 764 F.3d 327, 335 (4th Cir. 2014) (alterations in original) (quoting *Hudson v. Michigan*, 547 U.S. 586, 591 (2006)), because it creates "substantial social costs," *United States v. Leon*, 468 U.S. 897, 907 (1984).

In that vein, the exclusionary rule is subject to exceptions, including the good-faith doctrine. *Davis*, 564 U.S. at 232, 238–40. Because "[t]he [exclusionary] rule's sole purpose . . . is to deter future Fourth Amendment violations," *id.* at 236–37, in order "[t]o trigger

3

the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system[,]" *Herring v. United States*, 555 U.S. 135, 144 (2009). "[W]hen the police act with an objectively reasonable good-faith belief that their conduct is lawful, or when their conduct involves only simple, isolated negligence, the deterrence rationale loses much of its force, and exclusion cannot pay its way." *Davis*, 564 U.S. at 238 (cleaned up). Law enforcement action taken "in objectively reasonable reliance on binding appellate precedent" at the time of the search or seizure is protected by the good-faith doctrine because suppressing evidence obtained from a search or seizure previously approved by precedent would "do nothing to deter police misconduct . . . [and] would come at a high cost to both the truth and public safety[.]" *Id.* at 232.

We agree with the district court that, regardless of whether Stewart had reasonable suspicion, the good-faith exception under *Davis* applies, thus foreclosing the application of the exclusionary rule. That is, Stewart acted in "objectively reasonable reliance on binding appellate precedent[.]" *Davis*, 564 U.S. at 249–50. The Maryland Court of Special Appeals held in *Baez* that "[a] police officer, suspecting a tint window violation, may lawfully stop a vehicle to investigate further and ask to see the vehicle registration to determine origin of registration. That the vehicle may be registered in a foreign jurisdiction does not vitiate the lawfulness of the stop."[1] 192 A.3d at 951.

---

[1] As a reported decision from the Maryland Court of Special Appeals, *Baez* "constitutes binding precedent." *Johnson v. Maryland*, 115 A.3d 668, 683 n.5 (Md. Ct. Spec. App. 2015).

4

That is precisely what occurred here. Stewart identified Brandon's vehicle while on patrol and, using his training and experience, concluded that the vehicle's tint "was so dark that it did not comply with Maryland law." *Brandon*, 2023 WL 6961937, at *17. At that point, *Baez* permitted him to stop the vehicle to determine its place of registration. We therefore conclude that the good-faith exception to the exclusionary rule applies and bars suppression of any evidence tainted by any constitutional defect in the search of the vehicle after the traffic stop.[2]

Accordingly, we affirm the district court's order denying Brandon's motion to suppress.

*AFFIRMED*

---

[2] In addition, for the reasons stated by the district court, we conclude that Brandon's intervening illegal conduct vitiates any potential illegality of the traffic stop and renders the seized evidence admissible. *See Brandon*, 2023 WL 6961937, at *31–33.