(Nos. 60347, 60348, 60349.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JEFFREY R. BALES, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DONNA BUCKLEY, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JAMES DORSANO *et al.*, Appellees.

*Opinion filed September 20, 1985.*

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks, Solicitor General, and Mark L. Rotert and David E. Bindi, Assistant Attorneys General, of Chicago, of counsel), for the People.

G. Joseph Weller, Deputy Defender, and Manuel S. Serritos, Assistant Defender, of the Office of the State

Appellate Defender, of Elgin, for appellees Jeffrey Bales, Donna Buckley and Edward Moore.

John F. Donahue, of Oak Brook, for appellee James Dorsano.

JUSTICE RYAN delivered the opinion of the court:

The defendants in these consolidated appeals were charged by information in the circuit court of Du Page County with residential burglary in connection with three unrelated occurrences, in that they, knowingly and without authority, entered the dwelling place of another with the intent to commit therein a theft in violation of section 19—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 19—3). Prior to trial, each defendant filed a motion to dismiss the charge for failure to state an offense. (Ill. Rev. Stat. 1983, ch. 38, par. 114—1(a)(8).) The trial court dismissed the residential-burglary charges against the defendants, holding that the statute, on its face, was so vague that it violated the constitutional guarantees of due process (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, sec. 2), and that the mandatory minimum sentence imposed upon conviction of the offense of residential burglary violated the limitation-of-penalties provision of the Illinois Constitution (Ill. Const. 1970, art. I, sec. 11). The State appealed directly to this court from the trial court's finding that section 19—3 is unconstitutional (94 Ill. 2d R. 302(a)(1)). The defendants still stand charged with burglary.

There are three issues on appeal: (1) whether the residential burglary statute, on its face, is so vague that it violates the due process provisions of the United States Constitution and the Illinois Constitution; (2) whether the legislative classification of residential burglary as a Class 1 felony violates the equal protection provision of the United States Constitution; and (3) whether the sen-

tencing scheme for the offense of residential burglary violates the limitation-of-penalties provision of the Illinois Constitution.

In considering the vagueness–due process issue, the trial court considered the following three sections of the Criminal Code of 1961 as amended. Section 19—3 defines residential burglary as follows:

> "Sec. 19—3(a). Residential burglary. A person commits residential burglary who knowingly and without authority enters the dwelling place of another with the intent to commit therein a felony or theft." (Ill. Rev. Stat. 1983, ch. 38, par. 19—3(a).)

Residential burglary is a Class 1 felony, the sentence for which is not less than 4 years and not more than 15 years (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(4)). Probation, periodic imprisonment or conditional discharge shall not be imposed and the court shall sentence the offender for not less than the minimum sentence (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3(c)(2)(G)). Although section 19—3 refers to "dwelling place of another," it does not define that phrase. However, the word "dwelling" is defined in section 2—6 of the Code as follows:

> "Sec. 2—6. 'Dwelling'. 'Dwelling' means a building or portion thereof, a tent, a vehicle, or other enclosed space which is used or intended for use as a human habitation, home or residence." (Ill. Rev. Stat. 1983, ch. 38, par. 2—6.)

Section 19—1 of the Code defines burglary as follows:

> "Sec. 19—1. Burglary. (a) A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle as defined in The Illinois Vehicle Code, railroad car, or any part thereof, with intent to commit therein a felony or theft. This offense shall not include the offenses set out in section 4—102 of The Illinois Vehicle Code, nor the offense of residential burglary

as defined in Section 19—3 hereof." (Ill. Rev. Stat. 1983, ch. 38, par. 19—1(a).)

Burglary is a Class 2 felony punishable by not less than three years and not more than seven years (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(5)). The trial court, by reading section 19—3 which defines "residential burglary," with section 2—6, which defines "dwelling," concluded that, as set forth in the statutes, there is no difference between burglary and residential burglary. Thus the trial court found the residential-burglary statute vague, ambiguous and violative of the due process clauses.

Before proceeding, we restate some of the general guidelines this court has previously set forth in reviewing the constitutionality of statutes. All statutes are presumed to be constitutional. (*Sayles v. Thompson* (1983), 99 Ill. 2d 122, 124-25.) Thus, the party challenging a statute has the burden of clearly establishing the alleged constitutional violation. (*Polyvend, Inc. v. Puckorius* (1979), 77 Ill. 2d 287, 303.) As this court emphasized in *Continental Illinois National Bank & Trust Co. v. Illinois State Toll Highway Com.* (1969), 42 Ill. 2d 385, 389, "It is our duty to construe acts of the legislature so as to affirm their constitutionality and validity, if it can reasonably be done, and further if their construction is doubtful, the doubt will be decided in favor of the validity of the law challenged. [Citations.]"

There are two requirements under the due process–vagueness standard when the first amendment is not involved. First, the statute must give a person of ordinary intelligence a reasonable opportunity to know what conduct is lawful and what conduct is unlawful. Thus, the statute must give fair warning as to what conduct is prohibited. Second, the statute must provide standards, so as to avoid arbitrary and discriminatory enforcement and application by police officers, judges, and juries.

(*Grayned v. City of Rockford* (1972), 408 U.S. 104, 108-09, 33 L. Ed. 2d 222, 227-28, 92 S. Ct. 2294, 2298-99; *People v. Garrison* (1980), 82 Ill. 2d 444, 453.) The determination of whether a statute is void for vagueness must be made in the factual context of each case. "A defendant therefore may be prosecuted under a statute without violating his due process rights if his conduct clearly falls within the statutory proscription even though the statute may be vague as to other conduct. [Citations.]" *People v. Garrison* (1980), 82 Ill. 2d 444, 454.

The defendants argue that the phrase "dwelling place of another" does not afford a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited by section 19—3. They also maintain that, due to the vagueness of that phrase, law-enforcement authorities are given unreasonable and arbitrary discretion over whether to charge a defendant with residential burglary or burglary.

The phrase "the dwelling place of another" is not defined in the Code. The trial court sought guidance by looking to the definition of the word "dwelling" found in section 2—6. By considering only the statutory definition of "dwelling" in conjunction with the other two sections of the statute quoted herein it is apparent that burglary may be committed by entering, with intent to commit therein a felony or theft, structures of the same nature as those described in section 2—6. However, as noted, section 2—6 defines only the word "dwelling" and not the phrase "the dwelling place of another" used in the residential burglary statute. Thus the distinguishing feature between burglary and residential burglary is that to constitute the latter offense the structure entered as described in section 19—3 must be "the dwelling place of another." This requires more than the mere ownership of the structure by another. The phrase "dwelling place

of another" signifies a place where another dwells.

At common law burglary involved the breaking and entering of the dwelling house of another, and all outbuildings within the curtilage were protected. (See 13 Am. Jur. 2d *Burglary* secs. 1, 3, at 320 (1964).) The gist of the crime at common law was that it constituted an offense against habitation and not just an offense against property in general. The offense was broadened in scope by statute in various jurisdictions to bring within the definition of burglary other buildings, structures and enclosures, the unlawful entry of which would not have been burglary at common law. (See Buser, *The Illinois Residential Burglary Statute: When Is An Invaded Structure A "Dwelling"*? 73 Ill. B.J. 262 (1985).) In *Schwabacher v. People* (1897), 165 Ill. 618, this court construed the use of the words "dwelling house" in the burglary statute then in force. The statute at that time, in addition to covering the entry into a "dwelling house" and numerous other types of buildings and enclosures, provided for an enhanced penalty for the unlawful entry of any "dwelling house" in the nighttime with the required felonious intent. Thus the entry of a dwelling house in the nighttime was distinguished from the entry of other buildings. The question in that case was whether the building that was entered was a "dwelling house," since the owner was not residing in it at the time of the burglary. The court held that a dwelling house does not cease to be such because of the temporary absence of its occupants. In such cases the intention to return is the controlling consideration. *Schwabacher v. People* (1897), 165 Ill. 618, 626.

We believe that the trial court's conclusion in our case is incorrect. It is apparent that whether a structure is a dwelling place of another depends on the purpose for which it is used, rather than the nature of the structure. Also, section 19—1, defining burglary, explicitly states

that it does not include the offense of residential burglary, *i.e.*, the unlawful entry into the dwelling place of another. The common sense construction of the phrase "the dwelling place of another" as used in section 19—3 requires that the structure be one used by another as a residence or living quarters in which the owners or occupants actually reside or, if absent, intend within a reasonable period of time to reside. It would require a strained construction of the phrase "the dwelling place of another" to find that the offense described in section 19—3 is indistinguishable from that defined in section 19—1.

It is apparent that the legislature, in the residential-burglary statute, attempted to restore to this crime the original status of the crime of burglary—an offense against a particular type of structure or enclosure, that is, a structure or enclosure which is used for habitation purposes, and to make residential burglary a more serious offense than the ordinary illegal invasion of other types of structures or enclosures. The meaning of "dwelling place of another" in the residential burglary statute should be given a meaning commonly accorded to similar words in prosecutions for burglary at common law. We need not in this opinion decide the precise boundaries of that phrase as it applies to situations in which questions may arise as to whether the structure or enclosure is in fact a dwelling place of another at the time that it is illegally invaded.

As previously stated, the defendants also maintain that the phrase "dwelling place of another" gives law-enforcement authorities unreasonable and arbitrary discretion over whether to charge a defendant with residential burglary or burglary. We disagree. In view of the construction which we have above placed on the language of section 19—3, the statute is not vague and does not give the law-enforcement authorities unreasonable

and arbitrary discretion. Also section 19—1 of the Code, quoted earlier in this opinion, specifically provides that the offense of burglary shall not include the offense of residential burglary. (Ill. Rev. Stat. 1983, ch. 38, par. 19—1(a).) This provision of the statute thus further limits the possibility of the exercise of unreasonable and arbitrary discretion.

We hold, therefore, that the residential-burglary statute, and the phrase "dwelling place of another" in particular, are not unconstitutionally vague. The phrase "dwelling place of another" affords a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited by section 19—3 and does not give law-enforcement authorities unreasonable and arbitrary discretion over whether to charge a defendant with residential burglary or burglary. The defendants have failed to meet their burden of establishing the due process violation alleged to exist in section 19—3. "That there may be marginal cases in which it is difficult to determine, under a particular fact situation, whether conduct is within an enactment is not reason to hold that the language of the law is too ambiguous to define the duties and conditions involved. [Citations.]" *City of Decatur v. Kushmer* (1969), 43 Ill. 2d 334, 336.

The second issue, which has been raised solely by defendant Dorsano, is whether the legislative classification of residential burglary as a Class 1 felony violates the equal protection provision of the United States Constitution. As an extension of the vagueness argument rejected above, he argues that since there is no difference between residential burglary and burglary, as defined, there is no rational justification for classifying the former as a Class 1 felony and the latter as a Class 2 felony. We disagree.

Our analysis of whether the statutory classification in question violates the equal protection clause must begin,

as did our due process analysis above, with the presumption that the classification is valid. Likewise, the burden of showing the invalidity of the classification is on the defendants. (*People v. McCabe* (1971), 49 Ill. 2d 338, 340.) As this court explained in *McCabe*, "The equal-protection clause does not deny the States the power to classify in the exercise of their police power and it recognizes the existence of a broad latitude and discretion in classifying. [Citation.] If any state of facts may reasonably be conceived which would justify the classification, it must be upheld [citation]." 49 Ill. 2d 338, 340-41.

There clearly is a reasonable basis for the challenged statutory classification. The legislative history indicates that the residential-burglary statute was enacted by the General Assembly to deter the unlawful entry into dwelling places and thus to protect the privacy and sanctity of the home. (See Remarks at third reading of S.B. 0214, at 61, Pub. Act 82—238, June 17, 1981.) As was recognized by the appellate court in *People v. Gomez* (1983), 120 Ill. App. 3d 545, 549, "residential burglary contains more possibility for danger and serious harm than that of places not used as dwellings. There is a considerably greater chance of injury and danger to persons in the home context than in the burglary of a place of business."

It is true, as defendant Dorsano maintains, that the home-invasion statute (Ill. Rev. Stat. 1983, ch. 38, par. 12—11) also serves to deter the unlawful entry into dwelling places and to protect the sanctity of the home. However, in addition to proof of an unauthorized and knowing entry into the dwelling place of another, the home-invasion statute requires the State to prove that the person "knows or has reason to know that one or more persons is present and (1) While armed with a dangerous weapon uses force or threatens the imminent use of force upon any person or persons within such dwelling

place whether or not injury occurs, or (2) Intentionally causes any injury to any person or persons within such dwelling place." (Ill. Rev. Stat. 1983, ch. 38, par. 12—11.) Home invasion is a Class X felony and is more limited in scope than is residential burglary. We hold that the legislative classification of residential burglary as a Class 1 felony does not violate the equal protection provision of the United States Constitution.

The third issue is whether the sentencing scheme for the offense of residential burglary violates the limitation-of-penalties provision of the Illinois Constitution. That provision requires, in pertinent part, that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." (Ill. Const. 1970, art. I, sec. 11.) As noted above, section 5—5—3 of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3(c)(2)(G)) provides that probation, periodic imprisonment, and conditional discharge may not be imposed for the offense of residential burglary. Instead, the court must sentence the offender to not less than four years—the minimum term of imprisonment for residential burglary and other Class 1 felonies.

In determining whether the sentencing scheme violated the limitation-of-penalties provision, the trial court compared the relative seriousness of residential burglary with two other Class 1 felonies, aggravated kidnaping (other than for ransom) (Ill. Rev. Stat. 1983, ch. 38, par. 10—2) and indecent liberties with a child (Ill. Rev. Stat. 1983, ch. 38, par. 11—4). The latter two offenses do not have mandatory minimum terms of imprisonment. The trial court acknowledged that residential burglary involves a violation of the sanctity of the home and a high risk of bodily harm to persons inside the dwelling. However, the court concluded that aggravated kidnaping (other than for ransom) and indecent liberties with a

child were more serious offenses because they involve the intentional infliction of bodily harm. Although concerned about the frequency of residential burglary, the trial court stated that the seriousness of an offense, not its frequency, is the sole applicable constitutional criterion. The trial court held that since the penalty for what it considered to be the less serious offense of residential burglary was greater than that for what it considered the more serious offenses of aggravated kidnaping (other than for ransom) and indecent liberties with a child, the sentences were unconstitutionally disproportionate. We disagree.

We believe that our recent decision in *People v. Steppan* (1985), 105 Ill. 2d 310, is controlling. The defendant in that case had contended that the burglary statute was unconstitutional because it provided for a more serious penalty for burglary of a motor vehicle than for theft of the motor vehicle itself. In upholding the statute, we emphasized our continued reluctance to invalidate penalties established by the General Assembly because it is the legislature which has been given the power to declare what conduct will constitute a crime and to determine the nature and extent of punishment for that crime.

Although we agree with the trial court that the actual infliction of bodily harm is a proper fact to be taken into consideration in determining the seriousness of an offense, it is not the only factor. The frequency of a crime and the high risk of bodily harm associated with a crime may also be considered in determining the seriousness of a crime. As we stated in *Steppan*, "A statute may seek to protect interests other than property, or the legislature may perceive a need to enact a more stringent penalty provision in order to halt an increase in the commission of a particular crime. These factors, among others, may properly be taken into consideration in determining the seriousness of the offense in question. [Citation.]"

*People v. Steppan* (1985), 105 Ill. 2d 310, 320.

As previously stated, the legislative history indicates that the residential-burglary statute was enacted by the General Assembly to deter the unlawful entry into dwelling places and thus to protect the privacy and sanctity of the home. At the same time the residential-burglary statute was created, section 5—5—3 of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3) was amended to add residential burglary to the list of offenses having mandatory minimum terms of imprisonment. Considering the frequency of that offense and the high risk of bodily harm associated with it, we conclude that, for penalty purposes, residential burglary is not a less serious offense than aggravated kidnaping (other than for ransom) and indecent liberties with a child.

The trial court placed heavy emphasis on the fact that the latter two crimes involved bodily harm, whereas residential burglary does not. However, bodily harm is not necessarily the controlling criterion in determining which is the more serious offense. Attempted murder and armed robbery do not require bodily harm, but both are Class X felonies (Ill. Rev. Stat. 1983, ch. 38, pars. 8—4(c)(1); 18—2(b)) with a minimum penalty of six years (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(3)). On the other hand, battery, the intentional infliction of bodily harm, is a Class A misdemeanor (Ill. Rev. Stat. 1983, ch. 38, pars. 12—3(a)(1), (b)). Aggravated battery, intentionally causing great bodily harm or permanent disability or disfigurement, is a Class 3 felony (Ill. Rev. Stat. 1983, ch. 38, pars. 12—4(a), (e)) and kidnaping in which great bodily harm is inflicted on the victim is aggravated kidnaping, which is a Class 1 felony (Ill. Rev. Stat. 1983, ch. 38, pars. 10—2(a)(4), (b)(2)). These three crimes involving bodily harm have all been considered by the legislature to be less serious offenses than attempted murder and armed robbery. Accordingly, we hold that

the sentencing scheme for the offense of residential burglary does not violate the limitation-of-penalties provision of the Illinois Constitution.

The defendants here, as did the defendant in *Steppan*, have cited several cases in support of their limitation-of-penalties argument. (See, *e.g., People v. Wisslead* (1983), 94 Ill. 2d 190; *People v. Wagner* (1982), 89 Ill. 2d 308; *People v. Bradley* (1980), 79 Ill. 2d 410.) Again, we note, as we did in *Steppan*, that these cases are factually distinguishable.

For the foregoing reasons, the judgments of the circuit court of Du Page County are reversed, and the causes are remanded to that court for further proceedings consistent with this opinion.

*Judgments reversed;*
*causes remanded.*