THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. OLIVER BROOKS, Defendant-Appellant.

First District (1st Division)    No. 85—0567

Opinion filed March 10, 1986.

James J. Doherty, Public Defender, of Chicago (Adam Kara, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Paula M. Carstensen, and Jeffrey S. Ryan, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

Following a bench trial, defendant, Oliver Brooks, was convicted of residential burglary (Ill. Rev. Stat. 1983, ch. 38, par. 19—3) and sentenced to the mandatory minimum prison term of four years. He contends on appeal that the sentencing scheme for residential burglary violates the limitation of penalties provision of the Illinois Constitution (Ill. Const. 1970, art. I, sec. 11) and the United States constitutional ban against cruel and unusual punishment (U.S. Const., amends. VIII and XIV) because the mandatory minimum sentence of four years is disproportionate to both the offense and the offender. Defendant does not contest the sufficiency of the evidence to support his conviction.

■ Defendant was convicted of burglarizing a south side Chicago residence on September 11, 1984, and received the mandatory minimum sentence of four years' imprisonment. His first contention on appeal is that the sentencing scheme for residential burglary violates the limitation of penalties clause of the Illinois Constitution. This argument was recently considered and rejected by the Illinois Supreme Court in *People v. Bales* (1985), 108 Ill. 2d 182, 483 N.E.2d 517, which upheld the constitutionality of the sentencing scheme in question.

■ Although the *Bales* decision did not specifically address the eighth amendment prohibition against cruel and unusual punishment, we believe that defendant's argument in this regard must also fail. In order to violate the eighth amendment, a sentence must be significantly disproportionate to the crime. (*Solem v. Helm* (1983), 463 U.S. 277, 77 L. Ed. 2d 637, 103 S. Ct. 3001.) This court, in *People v. Gomez* (1983), 120 Ill. App. 3d 545, 548, 458 N.E.2d 565, responded to the defendant's eighth amendment challenge by stating that:

"[W]e would not conclude that [a] mandatory minimum [sentence] of four years for the offense of residential burglary is ei-

ther cruel, degrading or wholly disproportionate to the offense as to shock the moral sense of the community. *** [T]he potential for serious damage, both physical and psychological, is present whenever someone unlawfully enters the residence of another. Illinois has taken a firm position in favor of the sanctity of the home against intrusion, and the basis of that position is well founded."

While we agree that a comparison of the Illinois sentencing scheme with those adopted in other States is relevant to a constitutional analysis, we conclude that, in light of the gravity of the offense, the Illinois legislature was acting well within its authority in determining the penalty for residential burglary. See *People v. Bales* (1985), 108 Ill. 2d 182, 195, 483 N.E.2d 517.

Accordingly, the judgment of the circuit court is affirmed.

Pursuant to *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, we grant the State's request that defendant be assessed $50 as costs for the State's defending this appeal, and incorporate it as part of our judgment.

Judgment affirmed.

O'CONNOR and QUINLAN, JJ., concur.