THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
WAYNE A. DONOHO, Defendant-Appellant.

Second District   No. 2—91—0794

Opinion filed June 16, 1993.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellant.

David R. Akemann, State's Attorney, of Geneva (William L. Browers, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Defendant, Wayne A. Donoho, was convicted of residential burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—3 (now 720 ILCS 5/19—3 (West 1992))) and burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—1 (now 720 ILCS 5/19—1 (West 1992))). The trial court sentenced him on the residential burglary conviction and imposed a seven-year term of imprisonment. On appeal, defendant contends that he was denied a fair trial because the prosecutor attempted to indoctrinate the jury on a matter of law during *voir dire* and because the jury was improperly instructed on the definition of "dwelling."

We restate only those facts that are pertinent to the issues on appeal. Defendant was charged with residential burglary, burglary and battery for an incident occurring on November 26, 1990. Glen Lee Steger testified that she was going to take her dog outside late that evening. She had previously opened the door to her attached garage using the automatic door opener. When Steger opened the front door of her home to take out the dog, the dog went into the garage. Steger followed the dog and saw a man come out of the garage and walk toward her. A second person came out of the garage and disappeared around the corner. Steger started screaming and awakened her son, who ran after the man and caught up with him.

Steger's son testified that he grabbed the man's arm, told the man that he was not going anywhere, and directed his mother to call the police. Steger's son further testified that the man told him he was "scrounging for some change." The man eventually hit Steger's son in the back of the head and fled in a red and white automobile. Steger reported to the police that some change was missing from the vehicle that was parked in her garage.

Defendant was arrested later that evening, and the case went to trial on March 6, 1991. While picking the jury, the prosecutor asked four jurors if they agreed that their garages were part of their houses, to which each juror responded in the affirmative. After all the evidence had been presented, the jury, among other instructions, was instructed on the definition of "dwelling." The instruction provided as follows:

> "The word 'dwelling' means a building or portion of a building which is used or intended for use as a human habitation, home or residence."

The jury found defendant guilty of residential burglary and burglary. After defendant's post-trial motions were denied, he was sen-

tenced to seven years' imprisonment on the residential burglary conviction. He then filed a timely appeal.

■■ Defendant acknowledges that his appellate contentions could be considered as waived because his trial counsel failed to object both to the questions during *voir dire* and the instruction given to the jury. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186 (an objection at trial and a written post-trial motion raising the issue are required to preserve the issue for review).) Under Supreme Court Rule 451(c), in the interests of justice, substantial defects in instructions in criminal cases are not waived by failure to make a timely objection. (134 Ill. 2d R. 451(c).) We believe the interests of justice require that we address whether the jury was properly instructed on the definition of "dwelling." See *People v. Reddick* (1988), 123 Ill. 2d 184, 198.

■ "Burglary" is defined, in pertinent part, in section 19—1 of the Criminal Code of 1961 (the Code):

"A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle ***, railroad car, or any part thereof, with intent to commit therein a felony or theft." (Ill. Rev. Stat. 1989, ch. 38, par. 19—1(a) (now 720 ILCS 5/19—1(a) (West 1992)).)

"Residential burglary" is defined as follows:

"A person commits residential burglary who knowingly and without authority enters the *dwelling* of another with the intent to commit therein a felony or theft." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 38, par. 19—3(a) (now 720 ILCS 5/19—3(a) (West 1992)).)

"Dwelling" has two distinct definitions in section 2—6 of the Code:

"(a) Except as otherwise provided in subsection (b) of this Section, 'dwelling' means a building or portion thereof, a tent, a vehicle, or other enclosed space which is used or intended for use as a human habitation, home or residence.

(b) For the purposes of Section 19—3 of this Code [the residential burglary provision], 'dwelling' means a house, apartment, mobile home, trailer, or other living quarters in which at the time of the alleged offense the owners or occupants actually reside or in their absence intend within a reasonable period of time to reside." Ill. Rev. Stat. 1989, ch. 38, par. 2—6 (now 720 ILCS 5/2—6 (West 1992)).

The sole function of jury instructions is correctly to inform the members of the jury of the applicable principles of law. (*People v.*

*Cozart* (1992), 235 Ill. App. 3d 1076, 1082.) The trial judge has discretion in deciding which instructions will be submitted to the jury. (*People v. Johnson* (1992), 236 Ill. App. 3d 125, 137.) An error in a jury instruction is harmless if it can be shown that the trial result would not have been different if the proper instruction was given. *People v. Johnson* (1991), 146 Ill. 2d 109, 137.

■ We find that the trial court erred by improperly instructing the jury on the definition of "dwelling" and that the incorrect instruction may have affected the outcome of the trial. (See *People v. Fierer* (1988), 124 Ill. 2d 176, 187-88.) Section 2—6(b) of the Code, which was in effect at the time of trial, defined "dwelling" in a substantially different manner than the definitional instruction provided to the jury. The definition in section 2—6(b) was the only definition needed for "dwelling." "Dwelling" was not included in the definition of "burglary" given to the jury. Only the definition of "residential burglary" given to the jury included the word "dwelling." Thus, "dwelling" was defined only for purposes of explaining the elements of residential burglary and should have been identified consistently with the language in section 2—6(b) of the Code.

We believe it was possible that defendant may have been acquitted of the charge of residential burglary if an instruction consistent with section 2—6(b) of the Code had been given to the jury. The instruction given to the jury more likely would include an attached garage than the definition in section 2—6(b). An attached garage is a "portion of a building which is used *** as a *** home or residence." However, it does not necessarily follow that an attached garage is "a house, apartment, mobile home, trailer, or other living quarters in which *** the owners or occupants actually reside." Ill. Rev. Stat. 1989, ch. 38, par. 2—6(b) (now 720 ILCS 5/2—6(b) (West 1992)).

The IPI jury instruction for residential burglary, applicable at that time, also referred the user to section 2—6 of the Code for the definition of "dwelling." (Illinois Pattern Jury Instructions, Criminal, No. 14.09, Committee Note (2d ed. Supp. 1989) (hereinafter IPI Criminal 2d).) A reference to the statute would have revealed that section 2—6(b), defining "dwelling" for purposes of the residential burglary statute, had been enacted effective January 1, 1987. (Ill. Rev. Stat. 1989, ch. 38, par. 2—6(b) (now 720 ILCS 5/2—6(b) (West 1992)).) Even though the definition of dwelling in the IPI jury instructions had not been revised to include the definition of "dwelling" in section 2—6(b) (see IPI Criminal 2d No. 4.03 (1981)), IPI

Criminal 2d No. 14.09 (Supp. 1989) adequately alerted practitioners to use the definitions in section 2—6 when defining "dwelling."

Our decision is not intended, nor should it be interpreted, to answer whether, as a matter of law, an attached garage is part of a house for purposes of the residential burglary statute. (See *People v. Thomas* (1990), 137 Ill. 2d 500, 519 (an attached garage is not necessarily a "dwelling" under the residential burglary statute); *People v. Bales* (1985), 108 Ill. 2d 182, 191 (the court declined to decide the precise boundaries of the phrase "dwelling place of another").) We only hold that when a defendant is tried for residential burglary, the jury should be given a definition of "dwelling" that is consistent with the language of section 2—6(b) of the Code.

Because the jury also found defendant guilty of burglary and the trial court entered judgment on that verdict, he can be sentenced on that conviction. We reverse defendant's conviction of residential burglary, vacate his seven-year sentence for residential burglary and remand the cause either for sentencing on the burglary conviction or a new trial on residential burglary. We have reviewed the evidence and find that it was sufficient to support the conclusion that defendant was guilty beyond a reasonable doubt of residential burglary. This finding does not constitute in any way an implication as to defendant's guilt or innocence which would be binding on retrial, but is intended only to protect defendant from the risk of double jeopardy. *People v. Taylor* (1979), 76 Ill. 2d 289.

Conviction of residential burglary is reversed, sentence is vacated, and the cause is remanded either for retrial for residential burglary or sentencing for burglary.

Reversed and remanded with directions.

GEIGER and DOYLE, JJ., concur.