THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN KERSHNER, Defendant-Appellant.

Second District    Nos. 2—95—0670, 2—95—0710 cons.

Opinion filed September 9, 1997.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, and David N. Rechenberg, of Law Offices of David N. Rechenberg, of Hebron, for appellant.

James E. Ryan, Attorney General, of Chicago (Michael M. Glick, Assistant Attorney General, and Martin P. Moltz and William L. Browers, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, John Kershner, appeals his conviction of 11 counts of failing to file a sales tax transaction reporting return (35 ILCS 120/13 (West 1994)) and of one count of filing a fraudulent sales tax return (35 ILCS 120/13 (West 1994)), contending that the Retailers' Occupation Tax Act (Act) (35 ILCS 120/1 (West 1994)) is unconstitutionally vague. We affirm.

On June 1, 1994, defendant was indicted on 13 counts of failing to file a sales tax transaction reporting return (No. 94—CF—1198) and on two counts of filing a fraudulent sales tax transaction reporting return (No. 94—CF—1199). Defendant waived his right to a jury trial, and the two cases were consolidated for a bench trial.

The following evidence was elicited at trial. At all relevant times, defendant was working for a retail dealership, known as Unlimited Automotive, which sold recreational vehicles. The parties stipulated that by the dates of the violations Unlimited Automotive had been involuntarily dissolved. The State presented extensive testimony concerning defendant's position and responsibilities with regard to the business.

Steven Ray Babbit, a mechanic at Unlimited Automotive, testified that defendant had hired him, paid him, ran the day-to-day operations of the business, and directed the employees. Babbit also testified that Father Everett Hiller, who may have been nominally the president of the business, came in only once a month for an oil change and never paid Babbit or directed his work. Babbit testified that Eric Anderson was hired as a salesman and that Anderson did not order

Babbit's work. Babbit further testified that Jeff Marcos was hired as general manager and that he took orders from defendant. Babbit stated that, at the time of the sales tax violations, he was still employed by defendant and that defendant controlled the day-to-day operations, issuing orders to the other employees.

Eric Anderson testified that defendant hired him to be a mechanic and defendant paid his salary. Anderson confirmed that Marcos was employed as the general manager, but that he took orders from defendant and that defendant made the ultimate business decisions. Further, Anderson testified that defendant completed the paperwork for the business.

Vinnie Emrich testified that defendant hired him as a salesman. He reported to defendant. Emrich confirmed that Marcos, the general manager, also reported to defendant. Emrich testified that he was not responsible for filing sales tax returns and that defendant had once approached him to borrow $20,000 to use to pay sales taxes.

Investigator David Dellert of the Secretary of State's police testified that he had received a number of complaints from customers who had not received titles to the vehicles they had purchased from Unlimited Automotive. Investigator Dellert spoke with defendant, issuing him written warnings on several occasions. In February 1992, Investigator Dellert obtained a box containing approximately 20 unprocessed deals from Jeff Marcos. He worked with the owners to obtain their titles.

Paul Cervanka, a special agent with the Illinois Department of Revenue, testified that a business tax number was issued to Unlimited Automotive. He testified that 99% of the sales tax checks received from Unlimited Automotive were signed by defendant.

Defendant did not testify in this matter. The trial court found defendant guilty of 11 counts of failing to file a sales tax transaction reporting return and of one count of filing a fraudulent sales tax return. The court sentenced defendant to 30 months of probation and to 6 months' periodic imprisonment concurrently on all charges. The court also ordered defendant to make restitution. Following the denial of his posttrial motion, defendant timely appealed.

■ Defendant contends that the Act is unconstitutionally vague as applied to him. The parties are in agreement that, due to the involuntary dissolution of Unlimited Automotive, defendant no longer was employed by a corporation but, rather, was engaged in a sole proprietorship. The Act provides, in pertinent part, that, "[w]hen the amount due is $300 or more, any person engaged in the business of selling tangible personal property at retail in this State who fails to file a return, or who files a fraudulent return *** is guilty of a Class

3 felony." 35 ILCS 120/13 (West 1994). Defendant contends that the Act does not include sole proprietorship among its enumerations, and, therefore, it is unclear who in a sole proprietorship has the responsibility to file sales tax returns. Defendant asserts that any of the Unlimited Automotive employees could have been prosecuted under the Act. Defendant claims that, because the responsible person is not defined by the Act and because only he was charged for its violation, the Act was unconstitutionally applied to him.

■ All statutes are presumed to be constitutional, and the party challenging the statute has the burden of clearly establishing the alleged constitutional violation. *People v. Bales*, 108 Ill. 2d 182, 188 (1985). A statute must satisfy two requirements in order to comport with the standards of due process. First, the proscriptions of the statute must be clearly defined. In other words, the statute must inform a person of ordinary intelligence what conduct is lawful and what conduct is unlawful. *Bales*, 108 Ill. 2d at 188. Second, the statute must provide definite standards to avoid arbitrary and discriminatory enforcement by police, judges, and juries. *Bales*, 108 Ill. 2d at 188. Whether a statute is void for vagueness depends upon the specific factual context of each case. *Bales*, 108 Ill. 2d at 189. So long as a defendant's conduct "clearly falls within the statutory proscription," a defendant may be prosecuted under the statute in harmony with due process, "even though the statute may be vague as to other conduct." *People v. Garrison*, 82 Ill. 2d 444, 454 (1980).

■ It is abundantly clear that, even if the Act is unclear on exactly who is the "responsible person," in this case, defendant is the "responsible person." Extensive evidence was presented detailing the responsibilities and duties defendant undertook with respect to the business. Defendant ran the everyday operations of the business. He made hiring and firing decisions. He determined the salaries to pay to employees. He directed the other employees' work. In short, defendant was the medium through which this sole proprietorship conducted business—the "responsible person." It was his responsibility to file the sales tax forms, and defendant does not contest on appeal the fact that the forms were not filed or were fraudulently filed. Thus, even though the Act does not include sole proprietorship among its enumerations, defendant was proved to be the responsible person for this sole proprietorship through the testimony at trial. In this case, therefore, we hold that the Act was not unconstitutionally vague as applied to defendant.

Defendant attempts to provide support for his argument with *People v. Jihan*, 127 Ill. 2d 379, 381 (1989), in which provisions of the repealed Illinois Medical Practice Act (Ill. Rev. Stat. 1985, ch. 111,

par. 4401 *et seq.*), which prohibited the unlicensed practice of midwifery, were found to be unconstitutionally vague. *Jihan* is distinguishable, however, because the issue decided there was whether a person of ordinary intelligence could understand what conduct was encompassed in the term "midwifery." *Jihan*, 127 Ill. 2d at 388. Here, by contrast, there is no issue concerning what conduct is prohibited under the Act. Rather, the issue is whether defendant could have understood that he would be liable for performing the proscribed conduct. Thus, *Jihan* offers no support for defendant's arguments.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

GEIGER, P.J., and BOWMAN, J., concur.