Elvert BERRY, Petitioner,

v.

Jeffrey KRUEGER, Respondent.

Case No. 16–cv–1386

United States District Court,
C.D. Illinois,
**Peoria Division.**

Signed 01/06/2017

Elvert Berry, Pekin, IL, pro se.

Bradley W. Murphy, Segev Phillips, United States Attorney's Office, Peoria, IL, For Defendant

## ORDER

Michael M. Mihm, United States District Judge

This matter is now before the Court on pro se Petitioner Elvert Berry's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). For the reasons set forth below, the Court DENIES the petition. This matter is now terminated.

## PROCEDURAL BACKGROUND

On May 29, 2003, a jury found Petitioner guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). ECF No. 5 at 2. On August 27, 2003, Petitioner received a sentence of 235 months' imprisonment due to an enhancement under the Armed Career Criminal Act (ACCA). *Id.* at 2. On October 7, 2016, Petitioner filed his petition for writ

of habeas corpus, arguing his residential burglary conviction no longer counts as a predicate offense after *Mathis v. United States*, —— U.S. ——, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016). ECF No. 1 at 7–8.[1] On November 16, 2016, the Government responded, arguing the use of the residential burglary conviction remained untouched after *Mathis* and that Petitioner had two serious drug offenses. ECF No. 5. Petitioner replied, arguing: (1) the Illinois Residential Burglary statute includes the Illinois generic Burglary statute, thereby creating a *Mathis* problem; and (2) his 1994 drug conviction was not a serious drug offense. On December 9, 2016, the Court directed the Government to file a supplemental response addressing Petitioner's argument that the residential burglary statue "includes the offense of burglary as defined in Section 19–1." Text Only Order dated 12/09/2016. On December 15, 2016, the Government filed its supplemental response (ECF No. 9). On December 20, 2016, the Court directed the Government to file an additional supplemental response, this time addressing Petitioner's argument that due to lack of notice, his 1994 drug conviction could not be considered a serious drug offense. Text Only Order dated 12/20/2016. On December 21, 2016, the Government filed its additional supplemental response (ECF No. 10). On January 5, 2017, Petitioner filed his traverse/reply to the Government's supplemental briefs (ECF No. 11). This Order follows.

## DISCUSSION

### A. Residential Burglary Conviction

Petitioner points to the language of the Illinois Residential Burglary statute to ar-

---

1. In his original petition, Petitioner claims it was an ordinary burglary conviction. The Government points out it was a residential burglary conviction. ECF No. 5 at 2, 10. Petitioner seems to accept as much as true but argues it does not alter the *Mathis* analysis. ECF No. 8 at 1–2.

gue it includes Illinois's generic burglary statute, which poses a *Mathis* problem. ECF No. 8 at 1–2. Specifically, he notes the last sentence says "[t]his offense includes the offense of burglary as defined in Section 19–1." 720 ILCS 5/19–3. The generic burglary statute says "[a] person commits burglary when without authority he or she knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle, railroad car, or any part thereof, with intent to commit therein a felony or theft. ..." As Petitioner argues, Illinois's generic burglary statute is similar to the statute the *Mathis* Court held could not constitute an ACCA predicate conviction. ECF No. 1 at 8. *See also Mathis*, 136 S.Ct. at 2250. Thus, Petitioner argues his residential burglary conviction should not count as an ACCA predicate offense.

█ In its supplemental response, the Government notes Petitioner was convicted of residential burglary under the 1984 version of the statute. ECF No. 9 at 1–2. That version did not include the language about including the offense of generic burglary. In fact, it read in its entirety: "A person commits residential burglary who knowingly and without authority enters the dwelling place of another with the intent to commit therein a felony or theft." Ill.Rev.Stat. 1983, ch. 38, par. 19–3. That version of the statute was analyzed by the Illinois Supreme Court in *People v. Bales*, 108 Ill.2d 182, 91 Ill.Dec. 171, 483 N.E.2d 517, 521 (1985) (taking for granted that a "dwelling place" is a structure). *Mathis* made clear that, for ACCA purposes, generic burglary is defined as "an unlawful or unprivileged entry into ... a building or other structure, with intent to commit a crime." *Mathis*, ——— U.S. ———, 136 S.Ct. 2243, 2248, 195 L.Ed.2d 604 (2016) (quoting *Taylor v. United States*, 495 U.S. 575, 598, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). It thus appears clear that the 1984 version of the Illinois Residential Burglary

statute fits within the generic definition of burglary and, accordingly, does not pose any *Mathis* problem. The Court finds Petitioner's residential burglary conviction still properly constitutes an ACCA predicate offense.

## B. 1994 Drug Conviction

In its original response, the Government pointed to Petitioner's 1994 conviction for Possession of a Controlled Substance with Intent to Deliver. ECF No. 5 at 11–12. The offense usually carries a maximum potential sentence of seven years, but recidivist provisions increased Petitioner's maximum potential sentence to fourteen years. *Id.* Thus, it could count as an ACCA predicate offense. Petitioner agrees as to the presence of recidivist provisions but argues they are inapplicable to him, claiming he was never informed about possibility of an enhanced sentence. ECF No. 8 at 7–8.

In its additional supplemental response (ECF No. 10), the Government argues Petitioner cannot raise his claim about the 1994 drug offense under § 2241, in part because he has not established a miscarriage of justice. ECF No. 10 at 4. 730 ILCS 5/5–8–2(b) states if a conviction is by plea, "it shall appear on the record that the plea was entered with the defendant's knowledge that [an enhanced sentence] was a possibility. If it does not so appear on the record, the defendant shall not be subject to such a sentence unless he is first given an opportunity to withdraw his plea without prejudice." 730 ILCS 5/5–8–2(b). The Government claims Petitioner has not provided any evidence other than his own assertions (*e.g.*, a transcript of his arraignment and/or change of plea hearing) that he was not warned he faced a sentence in excess of ten years. Thus, he has not met his burden of demonstrating he is entitled to relief. ECF No. 10 at 4. Petitioner, on

the other hand, argues "[this] Court put the burden on the Government to show Petitioner did not receive deficient notice" and that "[t]he Government produced no documentation whatsoever to support its position Petitioner had any type of knowledge a recidivist sentence was possible." ECF No. 11 at 3–4. Petitioner is mistaken. The Court, out of an abundance of caution and to be able to consider Petitioner's claim to the fullest extent, ordered supplemental briefing on the issue from the Government; it did not shift the burden to the Government. The burden of proving his case remained with Petitioner. By not providing the Court with anything more than unsupported assertions, Petitioner has failed to do so. Accordingly, the Court finds Petitioner's argument with respect to his 1994 drug conviction wholly unconvincing.

■ Even had he provided evidence of a lack of notice, however, the Court still would not have found for Petitioner. The Government argued even if Petitioner had evidence of a lack of notice, his argument "rests on a faulty legal premise." ECF No. 10 at 4. The Court agrees. The statute in question prohibits a defendant from being subject to a sentence under the pertinent ILCS section. 730 ILCS 5/5-8-2(b). The title of that section, Section 5-8-2, is "Extended Term." The "sentence under this Section" language refers to the (extended) term of years, not any possible consequences of such an extended term (*e.g.*, the conviction constituting an ACCA predicate offense). Here, Petitioner pleaded to an agreed sentence of six years. Accordingly, it was irrelevant Petitioner was not told the maximum sentence was fourteen years (which it was). He was not subjected to a sentence under the section (*i.e.*, an *extended* term). Accordingly, the statute was not violated due to a lack of notice, if any. For that reason, and because Petitioner did not present any evidence of a lack of notice, the Court finds the 1994 drug conviction is still properly considered a serious drug offense.

Overall, then, Petitioner still has three ACCA predicates: (1) the uncontested serious drug offense; (2) the 1985 residential burglary conviction; and (3) the 1994 serious drug offense. Accordingly, the Court holds Petitioner was properly sentenced as an armed career criminal and DENIES the petition.

## CONCLUSION

For the reasons set forth above, the Court DENIES Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is now terminated.