2024 IL App (2d) 240154-U
No. 2-24-0154
Order filed May 13, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Nos.  24-CF-168 24-CF-169 |
| MIRIAM ARANDA, | ) ) ) | Honorable Michael J. Chmiel, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court.
Justice Kennedy concurred in the judgment.
Justice Hutchinson specially concurred.

**ORDER**

¶ 1   *Held*:  Trial court's findings that defendant posed a high likelihood of willful flight and that no condition or combination thereof could mitigate that risk were against the manifest weight of the evidence.   Reversed and remanded.

¶ 2   In this interlocutory appeal under Illinois Supreme Court Rule 604(h) (eff. April 15, 2024), defendant, Miriam Aranda, timely appeals the order of the circuit court of McHenry County granting the State's petition to detain her pursuant to Public Act 101-652, § 10-255 (eff. Jan. 1,

2023), commonly known as the Pretrial Fairness Act (Act).[1]  For the following reasons, we reverse and remand.

¶ 3                                          I. BACKGROUND

¶ 4      On February 20, 2024, in case No. 24-CF-168, defendant was charged with burglary (720 ILCS 5/19-1(a) (West 2020) (Class 2)) and possession of burglary tools (*id.* § 19-2(a) (Class 4)). In case No. 24-CF-169, defendant was charged with residential burglary (*id.* § 19-3(a) (Class 1)). On February 21, 2024, the State petitioned to deny defendant pretrial release, alleging that she was charged with detainable offenses and that no condition or combination of conditions could mitigate her risk of willful flight.    725 ILCS 5/110-6.1(a)(8) (West 2022).

¶ 5      At the hearing on the State's petition, the State recounted that, on February 20, 2024, a police officer was conducting surveillance in a parking lot on Chasefield Lane in Crystal Lake. He watched defendant enter a multifamily building containing four individual residential units, after she stood standing outside the front door and without ringing any doorbells.   The officer obtained defendant's driver's license number, ran it through LEADS, and learned that she had an active warrant for forgery.   When defendant exited the building, the officer spoke with her, she produced her identification, and she said she was looking for work as a cleaner; she did not have cleaning supplies with her.   Defendant told the officer she had obtained access to the building by ringing a bell, but, when he explained that he did not see her ring a bell, she said that the door had been slightly ajar.   Defendant was arrested on the active warrant.   After searching her purse,

_____

[1]The Act is also commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act.   Neither name is official, as neither appears in the Illinois Compiled Statutes or public acts.

police found lock picks and similar tools. Further, the State recounted, four days earlier, on February 16, 2024, at 11:15 a.m., Brittany Hall had returned to her home on Chasefield Lane and found defendant, whom she identified in a photo lineup, in her residence. After being confronted, defendant left. She had apparently gained access to the locked residence with either a key or lock-picking device, as no forced entry was evident.

¶ 6 The State noted that defendant's criminal background was limited, consisting of a retail theft case from 2001 (received supervision), a theft case from 2020 (no disposition), and a charge of using a forged credit/debit card and exerting unauthorized control over some else's property in case No. 20-CF-2374 (no disposition). In case No. 20-CF-2374, the State continued, the case information sheet reflected that a warrant had issued on December 23, 2020; therefore, the State summarized, defendant was "in the wind" as a wanted person from that date until she was arrested on February 20, 2024. As such, the State opined, defendant was "definitely a flight risk." The State asked that defendant be detained.

¶ 7 Defense counsel noted that defendant had maintained the same address in Elgin for 11 years, and she had not left the state or made any secret of where she was living. Defendant lives in Elgin with her mother and her two children, ages 13 and 8. There was no evidence that defendant had missed court in the 2001 case, more than 20 years ago, where she received supervision for retail theft. Moreover, it appeared that the complaint in case No. 20-CF-2374 was filed on December 20, 2020, with the warrant being issued just three days later. Counsel explained, "[t]hat is a warrant that was never served on my client. She was unaware of that warrant. She has been living at the same address for the last 11 years. Through no fault of her own, that warrant was never served." Counsel noted the warrant had a $10,000 bond amount with 10% to apply and reiterated that defendant had never missed a court date or made attempt to

avoid the warrant, as she was unaware that it even existed. Counsel argued there was insufficient evidence to demonstrate that defendant was a willful flight risk and, in any event, release conditions with pretrial services, ordering her not to leave the state, and a no-contact order could minimize any alleged risk.

¶ 8    In response, the State acknowledged that defense counsel was generally correct with respect to some of the dates and the bond amount, the State was trying to interpret the Kane County document about the 2020 case, and, the assistant State's Attorney commented, "I don't know what the defendant did or did not know, but I can tell this court, there was a warrant out for this defendant's arrest from December 23rd of 2020 until February 20th of 2024."

¶ 9    The court granted the State's petition. The court referenced that its decision was based upon everything on file and the "dramatic allegations, along with the detailed proffer that the State has made." It agreed detention was proper, as "I think there's just too much here. I am convinced through clear and convincing evidence offered through proffer that that should be the case on this case." In its written order (apparently prepared by the State), the court found,

>    "The defendant allegedly committed multiple burlaries [*sic*] in the area, resulting in the aboved [*sic*] referenced matters [*i.e.*, the charges], including a residential burglary in which the victim came face-to-face with the defendant inside the victim's home. Officers conducted covert surveillance due to numerous burglaries in the area and observed the defendant gaining access to [a] residential building. The defendant also has a criminal history which includes theft and forgery. There was also an outstadning [*sic*] warrant for the defendant out of Kane County in 20CF2374 since 12/23/2020."

¶ 10    On February 23, 2024, defendant filed a notice of appeal, using the form notice promulgated under Illinois Supreme Court Rule 606(d) (eff. Oct. 19, 2023). On April 8, 2024,

defendant submitted a Rule 604(h) memorandum.   Ill. S. Ct. R. 604(h)(2) (eff. April 15, 2024). On April 17, 2024, the State submitted its memorandum opposing defendant's appeal.

¶ 11                                    II. ANALYSIS

¶ 12    In her memorandum, defendant argues that the State failed to present clear and convincing evidence that she has a high likelihood of willful flight or that less restrictive conditions would fail to prevent willful flight.   We agree.

¶ 13    Pretrial release is governed by article 110 of the Code of Criminal Procedure of 1963 (Code), as amended by the Act.   725 ILCS 5/110 (West 2022).   Under the Code, as amended, all persons charged with an offense are eligible for pretrial release, and a defendant's pretrial release may only be denied in certain statutorily limited situations.   *Id.* §§ 110-2(a), 110-6.1(e). As relevant here, upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a detainable offense (*id.* § 110-6.1(e)(1)), that the defendant's pretrial release poses a high likelihood of willful flight to avoid prosecution (*id.* § 110-6.1(a)(8)), and that no condition or combination of conditions can mitigate defendant's willful flight (*id.* § 110-6.1(e)(3)).   " 'Willful flight' means intentional conduct with a purpose to thwart the judicial process to avoid prosecution." *Id*. § 110-1(f).   Subsection (f) provides, "[i]solated instances of nonappearance in court alone are not evidence of the risk of willful flight," but "[r]eoccurrence and patterns of intentional conduct to evade prosecution, along with any affirmative steps to communicate or remedy any such missed court date, may be considered as factors in assessing future intent to evade prosecution."   *Id*.   "Evidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question." *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74.

¶ 14    We review defendant's arguments under a bifurcated standard of review: the court's factual determinations are reviewed to determine whether they are against the manifest weight of the evidence, and the court's ultimate determination regarding denial of pretrial release is reviewed for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13.   An abuse of discretion occurs when the court's decision is unreasonable. *Id.*   Likewise, a decision is against the manifest weight of the evidence where the court's determination is unreasonable. *Id*.

¶ 15    Here, the court's finding that the State proved by clear and convincing evidence that defendant posed a high likelihood of willful flight was against the manifest weight of the evidence. Simply put, there was no evidence suggesting a risk of flight.   The State and defense counsel agreed that, although there had been an outstanding warrant in the 2020 case, the record did not reflect that it had ever been served upon defendant or that she ever attempted to evade the warrant. Obviously, if it *had* been served, it would not have remained outstanding.    In fact, the State agreed that it could not establish what defendant knew; the case sheet reflected only that a warrant had been outstanding.    Further, there was no evidence that defendant had ever missed a court date, let alone had demonstrated reoccurring patterns of intentional conduct to evade prosecution. Moreover, the State did not dispute that defendant had lived in the same home for 11 years, currently residing there with her mother and two minor children.    In its response brief, the State notes that, although defendant stated the warrant had never been served, "no evidence was presented as to attempts to serve the warrant.    Thus, it is *possible* that defendant had successfully managed to evade law enforcement for more than three years since the warrant was issued." (Emphasis added.)    Of course, defendant did not bear the burden in this hearing; the *State* bore the burden of proving by clear and convincing evidence that defendant's release would pose a high likelihood of willful flight, *i.e.*, she had demonstrated intentional conduct to evade prosecution.

725 ILCS 5/110-6.1(a)(8) (West 2022). Where the State presented no such evidence, the court's finding that the State met its burden here was against the manifest weight of the evidence.

¶ 16    Similarly, our review of the court's findings regarding less-restrictive conditions is also simple, as the State did not present *any* evidence, let alone clear and convincing evidence, regarding whether any condition or combination of conditions would mitigate defendant's risk of willful flight. See *People v. Earnest,* 2024 IL App (2d) 230390, ¶ 26. Moreover, as stated in *Earnest*, "[t]he court failed to address any evidence, presumably because nothing was proffered, regarding conditions of release or why any conditions would not mitigate defendant's risk of flight. This was unreasonable. We simply cannot infer on this barren record that there are no conceivable conditions of release that would mitigate defendant's risk of flight." *Id.*

¶ 17    For the foregoing reasons, the court's order detaining defendant was unreasonable. We note that if the State wishes to file a second or subsequent petition in this case, addressing new claims for detention, it must present "a verified application setting forth in detail any new facts not known or obtainable at the time of the filing of the previous petition." 725 ILCS 5/110-6.1(d)(2) (West 2022).

¶ 18                                III. CONCLUSION

¶ 19    For the foregoing reasons, we reverse the judgment of the circuit court of McHenry County and remand the case for further proceedings.

¶ 20    Reversed; cause remanded.

¶ 21    JUSTICE HUTCHINSON, specially concurring.

¶ 22    I agree with my colleagues that the State's evidence concerning willful flight was practically non-existent. I write separately, however, because I am convinced that there was considerable evidence regarding defendant's dangerousness. Burglary is a forcible felony, and

residential burglaries are more dangerous still because "[t]here is a considerably greater chance of injury and danger to persons" when confronted "in the home context." (Internal quotation marks omitted.) *People v. Bales*, 108 Ill. 2d 182, 193 (1985). But rather than pursue this course as a path to pretrial detention, the State elected to go forward on the fiction of defendant's willful flight, which was then erroneously ratified by the circuit court. Although the State is not barred from seeking detention on alternate grounds, in the future, I would encourage the State to carefully consider whether the evidence actually supports its chosen ground for detention, and whether choosing a different ground would be more appropriate.