Filed:  July 10, 2001

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 99-4824
(CR-99-214)

United States of America,

Plaintiff - Appellee,

versus

Frank Arnold Johnson,

Defendant - Appellant.

O R D E R

The court amends its opinion filed June 28, 2001, as follows:

On page 2, second full paragraph, line 10 -- a section symbol is added to "S.C. Code Ann. § 56-5-5015."

On page 4, first paragraph, line 9 -- the section number is corrected to read "S.C. Ann. Code § 56-5-5015(A)."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

PUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 99-4824

FRANK ARNOLD JOHNSON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
G. Ross Anderson, Jr., District Judge.
(CR-99-214)

Argued: June 4, 2001

Decided: June 28, 2001

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Vacated and remanded by published opinion. Judge Luttig wrote the
opinion, in which Judge Williams and Judge Michael joined.

_____

**COUNSEL**

**ARGUED:** Benjamin Thomas Stepp, Assistant Federal Public
Defender, Greenville, South Carolina, for Appellant. E. Jean Howard,
Assistant United States Attorney, Greenville, South Carolina, for
Appellee. **ON BRIEF:** J. Rene Josey, United States Attorney, Green-
ville, South Carolina, for Appellee.

_____

**OPINION**

LUTTIG, Circuit Judge:

Frank Johnson entered a conditional guilty plea to a single count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) after the district court denied his motion to suppress the drugs found in a search of his vehicle. For the reasons that follow, we vacate the judgment of the district court and remand for further proceedings.

I.

On March 18, 1999, Frank Johnson, a Georgia resident, was driving northbound on Interstate 85 in an automobile displaying a current Georgia license plate. After traveling less than two miles into South Carolina from the Georgia border, Johnson passed by South Carolina State Trooper David Robinson. J.A. 10-11. As Johnson drove by, Robinson "couldn't see anything in the car," not even the silhouettes of the occupants, because "the back window was black." J.A. 11. Robinson stopped Johnson based upon his belief that Johnson's automobile was not in compliance with South Carolina's "window tinting" law, S.C. Code Ann. § 56-5-5015. J.A. 11.

Robinson issued Johnson a warning ticket after he discovered that the car did not have a "certificate of compliance" with the window-tinting law, as required by section 56-5-5015(E). J.A. 12-13. Further, because Johnson appeared nervous and gave suspicious answers to basic questions, J.A. 15-16, Robinson requested consent to search Johnson's car, J.A. 19. Johnson refused because he said he was "in a hurry." J.A. 19.

Robinson then walked around the perimeter of the vehicle with his trained drug-sniffing dog, Chip. J.A. 19-20. Chip "alerted" to the driver's side of the vehicle, but Robinson did not find any drugs in the interior of the automobile. J.A. 22. Suspecting that the drugs were in the trunk of the car, Robinson then grabbed the keys from the ignition, opened the trunk, and allowed Chip to sniff inside the trunk for drugs. J.A. 22. Chip immediately "alerted" to the trunk area, and Rob-

2

inson discovered a brown paper bag containing approximately two kilograms of cocaine. J.A. 22-23.

Johnson was subsequently charged with a single count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). J.A. 6. After the district court denied Johnson's motion to suppress the drugs found in his trunk, Johnson entered a conditional guilty plea to the sole count in the indictment, expressly reserving his right to appeal the district court's denial of the suppression motion. J.A. 32. The district court sentenced Johnson to 37 months imprisonment followed by five years of supervised release. J.A. 35. This appeal followed.

II.

The only issue on this appeal is whether the automobile stop violated Johnson's rights under the Fourth Amendment.

It is well settled that, because an automobile stop is considered a seizure of a person, it "must be justified by probable cause or a reasonable suspicion, based on specific and articulable facts, of unlawful conduct." United States v. Wilson, 205 F.3d 720, 722-23 (4th Cir. 2000).

In this case, Robinson stopped Johnson based upon his belief that Johnson's vehicle was not in compliance with S.C. Code Ann. § 56-5-5015(A), which provides in pertinent part as follows:

> No person may operate a motor vehicle that is required to be registered in [South Carolina] on any public highway, road, or street that has a sunscreen device on the windshield, the front side wings, and side windows adjacent to the right and left of the driver and windows to the rear of the driver that do not meet the requirements of this section.[1]

─────────────────────────────────────────────────

[1] Section 56-5-5015(D), in turn, provides minimal "light transmission" requirements for "sunscreening devices" that are located on "the rearmost window" of a car. Such devices must "be nonreflective" and have a light transmission of not "less than twenty-seven percent." S.C. Code Ann. § 56-5-5015(D)(2).

3

Thus, in order for the stop of Johnson's vehicle to be lawful under the Fourth Amendment, Robinson must have possessed "`some minimal level of objective justification,'" United States v. Sokolow, 490 U.S. 1, 7 (1989) (quoting INS v. Delgado, 466 U.S. 210, 217 (1984)), to believe that: (1) Johnson was operating a motor vehicle "on any public highway, road, or street"; (2) Johnson's vehicle was "required to be registered" in South Carolina; and (3) the"sunscreen device" on one of the vehicle's windows did "not meet the requirements" of the statute, S.C. Code Ann. § 56-5-5015(A).

Johnson does not dispute that he was operating his vehicle on a public highway, nor does he dispute that Robinson possessed at least reasonable suspicion to believe that the sunscreen device did "not meet the requirements" of the statute, since the rear window was so dark that Robinson could not even see a silhouette in the car. Rather, Johnson asserts that Robinson had no reasonable suspicion to believe that the automobile was "required to be registered" in South Carolina. We agree.

A.

South Carolina requires "[e]very motor vehicle . . . operated or moved upon a highway in [the State to] be registered and licensed in accordance with the provisions of this chapter." S.C. Code Ann. § 56-3-110. Section 56-3-150, in turn, provides a general exemption from the registration requirement for "[a] foreign privately-owned-and-operated passenger vehicle of a nonresident." However, such a vehicle must still be registered upon the occurrence of either of two events: "(1) subsequent establishment of domicile in [South Carolina], or (2) operation of the vehicle in [South Carolina] for an accumulated period exceeding one hundred fifty days." S.C. Code Ann. § 56-3-150.

At oral argument, the government asserted that, because Johnson's vehicle displayed a valid Georgia license plate, Robinson possessed reasonable suspicion to believe that the vehicle was required to be registered in South Carolina. We disagree, because, while the Georgia plate established that the car was not registered in South Carolina, it provided no information whatsoever about whether the car was required to be registered in South Carolina. The mere display of a

4

license plate from another state is not relevant at all as to whether Johnson had established a domicile in South Carolina or had been operating the vehicle in South Carolina for an accumulated period of greater than 150 days.

B.

Recognizing that there is little or no evidence in the record to support a finding of reasonable suspicion as to the registration element of section 56-5-5015, the government alternatively urges us to hold that once Robinson possessed a reasonable suspicion to believe that the sunscreen device did not meet the light transmission requirements of the statute, he did not need reasonable suspicion regarding the registration element to justify the traffic stop. However, the Fourth Amendment requires an officer to have "reasonable suspicion, based on specific and articulable facts, of unlawful conduct," Wilson, 205 F.3d at 722-23 (emphasis added), in order to justify a traffic stop. Without reasonable suspicion to believe that Johnson's car was required to be registered in South Carolina, Robinson had no reasonable suspicion of unlawful conduct, because it is not unlawful under section 56-5-5015 for a vehicle traveling on a public highway to have a noncompliant sunscreen device unless the vehicle is also required to be registered in South Carolina.[2]

Accordingly, we hold that the traffic stop was invalid because Robinson did not possess articulable, reasonable suspicion that Johnson's vehicle was in violation of South Carolina law. Because the stop was illegal, the drugs found during the subsequent search of his car should have been suppressed by the district court. See Wilson, 205 F.3d at 724.

The judgment of the district court is vacated and the case is remanded for further proceedings consistent with this opinion.

VACATED AND REMANDED
_____

[2] In addition, even if we were inclined to adopt the government's proposed rule, we would not do so in this case because Robinson did not testify that he stopped Johnson's car out of any concern that the car was required to be registered in South Carolina.

5